## Edward R. Allen *et al.*

### *v.*

## James Powell *et al.*

*Filed at Ottawa January 23, 1884.*

1. Decree—*not binding on one not made a party.* A surety on an appeal bond was compelled to pay the amount of a decree of foreclosure, from which the appeal was taken to this court, and on such payment took an assignment of the mortgage debt and the decree of foreclosure, and afterward other parties to the record having mechanic's liens allowed them and made a lien on the mortgaged premises, filed a supplemental bill seeking to have their demands given priority over the mortgage debt, and obtained a decree to that effect. It was *held*, the assignee of the mortgage debt and decree, not having been made a party to the decree under the supplemental bill, might maintain a bill to have such decree set aside and vacated.

2. Surety—*right to purchase subject matter to which his suretyship relates, as an indemnity.* Where a corporation appealed from a decree foreclosing a mortgage given by it, and the decree was affirmed, whereby the surety on the appeal bond became personally liable to pay the amount of the decree and costs, it was *held*, that the surety had the right to purchase the decree and hold the same for his indemnity, and that in such case the decree will not be discharged, but will be kept alive, according to the intention of the parties, for the surety's protection. The law does not forbid such a purchase.

3. Assignment—*carries with it remedies of assignor.* The assignment of a decree for the payment of money, to one secondarily liable for its payment, for his indemnity, is no discharge, but leaves the decree still owing, and the assignment carries with it the same right to collect or enforce the same as the assignor may have had.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kane county; the Hon. Charles Kellum, Judge, presiding.

Mr. R. G. Montony, and Mr. Eugene Canfield, for the appellants:

In equity it was the duty of the executors, to whom the mortgage debt and decree were due, to sell the mortgaged property under the decree before enforcing the appeal bond against the surety. *Wise* v. *Shepherd,* 13 Ill. 41; 1 Story's Eq. Jur. 639.

Equity will not marshal funds between creditors unless they belong to the common debtor. It will not compel a creditor of two persons to proceed against the one in preference to the other, without some other good reason. 1 Story's Eq. Jur. 643.

The courts, even at law, will protect the rights of an assignee, whether the assignment be good at law or only in equity. *Chapman* v. *Shattuck*, 3 Gilm. 52; *Carr* v. *Waugh*, 28 Ill. 422; *Henderson* v. *Connell*, 12 id. 170; *Morris* v. *Cheney*, 51 id. 451; 2 Story's Eq. Jur. secs. 1039, 1040, 1047.

A surety on payment may take an assignment of the debt, and this shows an intention not to extinguish it, but to keep it alive for his benefit. Brandt on Surety and Guaranty, sec. 271, citing *Neal* v. *North*, 23 Ohio St. 483; *Goodyear* v. *Watson*, 14 Barb. 481; *Norris* v. *Ham*, R. M. Charlt. (Ga.) 367; *Norris* v. *Evans*, 2 B. Mon. 84; *Thompson* v. *Palmer*, 3 Rich. (S. C.) 139; *Mechanics' Bank* v. *Hazard*, 13 Johns. 353.

Equity will compel the creditor to receive payment and assign the judgment to the surety. Brandt on Surety and Guaranty, sec. 260; *McDougal* v. *Dougherty*, 14 Ga. 674.

An assignment of a judgment does not pass the legal title, and the assignee takes subject to all existing defences and equities. *McJilton* v. *Love*, 13 Ill. 495; *Himes* v. *Barnitz*, 8 Watts, 38; *Chamberlain* v. *Day*, 3 Cow. 353; *Mayher* v. *Kellogg*, 24 Wend. 32; *Hughes* v. *Trahern*, 64 Ill. 48.

That sureties upon appeal bonds and the like are entitled to subrogation, see *Salters* v. *Salters' Creditors*, 6 Bart. 624; *Leake* v. *Furguson*, 2 Gratt. 419; *Rogers* v. *McLines*, 4 id. 81; *Saul* v. *Eferson*, 38 Texas, 492; *Billings* v. *Sprague*, 49 Ill. 509; *Fogarty et al.* v. *Ream et al.* 100 id. 366.

Mr. M. O. SOUTHWORTH, and Mr. CHARLES WHEATON, for the appellees:

Appellants having paid the appeal bond, were not entitled to be subrogated to the rights of the executors. A surety not

originally bound for the debt, but who comes in during the prosecution of a remedy for the debt against the principal, can not, by subrogation, gain preference over creditors of the principal, whose liens attached before the surety became bound. Brandt on Suretyship and Guaranty, 362, sec. 283; *Bank of Hopkinsville* v. *Rudy,* 2 Bush, 326; *Armstrong's Appeal,* 6 Watts & Serg. 352; *Patterson* v. *Pope,* 5 Dana, 241; *Dickinson* v. *Todd,* 43 Ill. 504.

The former adjudication dismissing the bill binds appellants as privies, or purchasers *pendente lite. Hamilton* v. *Quimby et al.* 46 Ill. 90; *Peterson et al.* v. *Nehf,* 80 id. 25.; *Dickinson* v. *Todd et al.* 43 id. 505.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The Aurora Agricultural and Horticultural Society borrowed of John R. Coulter, since deceased, the sum of $6000, for which the corporation gave him its note, and secured it by mortgage on the premises it owned, known as the "Fair Grounds." Afterwards the society became indebted to several firms of lumber dealers, and among others to defendants, Powell & Barrett and Dickinson & George, for materials used by the society in making the necessary improvements on the grounds covered by the mortgage, to fit them for holding fairs. The sums due these parties for lumber furnished not having been paid, they instituted suits in the circuit court to enforce payment, by a mechanic's lien on the premises improved, and afterwards these suits were consolidated with the suit previously commenced by the executors of the last will and testament of John R. Coulter, deceased, to foreclose the mortgage. The consolidated cases progressed to a hearing, and the court found the amount due on the mortgage, and decreed a foreclosure, and also found the amounts due to the material-men, and decreed the same to be a lien also upon the mortgaged premises. By that decree it was provided the master in chancery should sell the premises, and out of the

proceeds pay the respective parties the sums found to be due to each of them in full, with interest, or in case of a deficit, then a *pro rata* division should be made.   From that part of the decree which gave a foreclosure of the mortgage the corporation appealed to the Supreme Court, and defended in that court on the ground the mortgage was *ultra vires*, but the decree of the circuit court was affirmed.   The present complainants, together with one Loucks, since become bankrupt, were the sureties for the corporation on the appeal bond in the suit taken to the Supreme Court.   After the affirmance of the decree, the executors of the estate of John R. Coulter brought suit on the appeal bond against the corporation and all the sureties, except Loucks, who had gone into bankruptcy.   The defendant sureties in that suit paid to the executors the full amount found to be due on the mortgage, and took to themselves an assignment of the note and mortgage, and the interest of the executors in the decree of foreclosure.

In the meantime Powell & Barrett filed in the consolidated suit a supplemental bill, to which they made the executors of Coulter, and Dickinson & George, and others, parties defendant.   The object of the supplemental bill was to procure a modification of the decree in the consolidated cases, so that the material-men might be first fully paid, in preference to the mortgage indebtedness.   The decree was modified.   To the supplemental bill the present complainants were not made defendants.   Soon after they discovered the modifications that had been made in the original decree to their prejudice, the present bill was filed by the solvent sureties on the appeal bond, alleging that the complainants in the supplemental bill had notice of their equities in the premises, that the proceedings had thereon were fraudulent as to them, and claiming, in right of the assignment to them, all the interest the executors of Coulter had under the mortgage and decree of foreclosure.   Answers were filed to the

bill by Powell & Barrett, and Dickinson & George, and replications thereto by complainants. The case was submitted on proofs taken, and the stipulation of the parties, and the circuit court found that complainants have, by their purchase and assignment, acquired all the rights the executors had in the Coulter note and mortgage, and in the decree of foreclosure entered in the original consolidated cause, and that the decree had not been satisfied by payment so as to discharge it; that the decree obtained by Powell & Barrett, and Dickinson & George, upon their supplemental bill, was a fraud on the rights of complainants, and that the same should be set aside and held for naught, and that the original decree entered in the original consolidated cause, and afterwards affirmed in the Supreme Court, be executed by the master in chancery as therein directed, except that complainants herein should have the rights which were therein decreed to the executors of Coulter. Other proceedings were had in the original consolidated cases by the parties interested in the present litigation, and others, but it is not necessary to the present decision to notice them, and no statement of the pleadings in that respect will be made. The decree of the circuit court was reversed in the Appellate Court on the appeal of Powell & Barrett and Dickinson & George, and the cause remanded, with specific directions as to what decree the circuit court should enter, and as there remained nothing to be done except for that court to decree in conformity with the directions given, complainants have brought the case to this court on appeal, as the statute authorizes them to do in such cases.

It is quite evident if complainants can succeed, under the assignment to them, to the rights which the executors had in the Coulter note and mortgage, and the decree foreclosing the same, the decree rendered on the supplemental bill of Powell & Barrett was properly set aside, as was done by the decree of the circuit court. The rights of complainants, whatever they were, had previously attached and of which

there are grounds for the conclusion reached, that the complainants in that bill had notice, and as the assignees (the complainants in the present bill) were not made parties to the supplemental bill of Powell & Barrett, they are not, and ought not to be, concluded by the decree rendered in that case. The only question, then, that need be considered is, whether the decree in the original consolidated cases, which provided for a *pro rata* division of the proceeds of the sale of the mortgaged premises between the mortgage creditors and the material-men, in case there was a deficit, can be regarded as still in force for the protection of complainants.

As has been seen, complainants were sureties on the appeal bond of the Agricultural and Horticultural Society. Their obligation in that respect made them liable for the indebtedness of the corporation to the executors of the estate of Coulter, which was also secured by mortgage on the property of the corporation. The executors had the option to sell under the decree of foreclosure in their favor, or to proceed against complainants on their legal liability on the appeal bond. At all events, complainants would be ultimately liable for the indebtedness of the corporation, and payment could be readily coerced by an action on the appeal bond. Complainants, therefore, paid to the executors the amount of the decree, and took an assignment of the same to themselves. There was no intention to satisfy the decree. On the contrary, an assignment was taken, under the advice of counsel, for the express purpose of keeping the decree alive, that the sureties of the corporation whose debt they had paid might have the benefit of it, so far as it would afford them indemnity. The fact is proven, beyond all doubt, it was the understanding of all parties to the transaction the decree should be kept alive for the benefit of the sureties of the mortgagor. No reason is perceived why complainants could not buy the interest the executors of the estate of Coulter had in the mortgage and the decree of foreclosure, as any one else might

do. That is the legal effect of what they did. They paid to the executors the amount due to them, and took from them an assignment of the mortgage and the decree. In such cases the authorities hold the assignees will be protected, although they may be secondarily liable, as sureties or otherwise, for the debt or claim they may buy. It is a mode of buying indemnity against loss, and no policy of the law forbids it. By what was done the mortgagor was not discharged from its indebtedness to the executors of the mortgagee. As has been seen, there was no intention to discharge such indebtedness, and the intention of the parties is always the controlling element in such transactions. It is still owing and undischarged, and the assignment carries with it the same right to collect that the executors of the mortgagee had. *Billings* v. *Sprague*, 49 Ill. 509; *Honore* v. *Lamar Fire Ins. Co.* 51 id. 409.

There is nothing in the facts of this case that would make it inequitable that complainants should have the measure of relief demanded by their bill. It is suggested in argument, complainants are, or were, stockholders and officers in the debtor corporation, and that they were primarily liable, and therefore it was their personal duty to pay both the decree and the mechanic's lien. Nothing is discovered in the evidence that shows any such primary liability or duty. It may be some of them were stockholders in the corporation, but how many is not shown by the testimony. Nor does it appear how many other persons were also stockholders. It is stated a great many persons had been induced to invest in the stock of the corporation, and doubtless that is true. It is proven one of defendants, (Dickinson,) whose firm claims a mechanic's lien on the property, was a stockholder, and at one time was a director, and was president. Certainly complainants were under no greater personal obligation, other than their suretyship on the appeal bond, than other stockholders were, to pay the debts of the corporation.

Having paid the indebtedness of their principal, there is no just reason why complainants may not stand in the shoes of the creditors, by virtue of the assignment to them, and have all the remedies they had to enforce payment from the debtor corporation. The executors, had they chosen to do so, could have had the decree, after its affirmance by the Supreme Court, executed in their favor, and what possible difference can it make to defendants whether the decree shall be executed for the benefit of these complainants, or for the benefit of their assignors, in whose favor it was rendered? The result, so far as they are concerned, would be precisely the same. Originally the decree was favorable to defendants, perhaps more so than the law would warrant, and it is now no hardship upon them it should be enforced as it was rendered, and there is no just ground for complaint on their part, the *pro rata* share of the proceeds of the sale of the property shall be paid to these complainants instead of their assignors.

The judgment of the Appellate Court will be reversed, and the cause remanded, with directions to affirm the decree of the circuit court.

*Judgment reversed.*