## ANDREW KATZ

### *v.*

## CATHARINE MOESSINGER, Admx.

*Filed at Ottawa May 19, 1884.*

1. PARTIES—*suit for use of another—death of nominal plaintiff—substitution of his administrator.* The nominal plaintiff in an action of assumpsit, which appeared from the face of the declaration to have been brought for the use of another, having died pending the suit, the name of his administrator was substituted as plaintiff. Before judgment the declaration was amended, and the name of the person for whose use the suit appeared to have been brought was stricken out, and so far as appeared he had no interest in the cause of action. Upon objection that the name of the administrator was improperly substituted as plaintiff, because the declaration as originally filed alleged that the suit was brought for the use of the person named, it was *held*, there was no error in that regard.

2. SURETY — *remedies to reimburse himself for money paid for his principal.* Where a surety has paid the amount of a judgment rendered against himself and his principal, he may, in order to his reimbursement, either keep the judgment alive, for his benefit, by procuring it to be formally

assigned to some third person, or he may treat the judgment as satisfied and discharged, and resort to his action against his principal; and in the event of his choosing to pursue the latter course, it will not matter that there is an existing formal assignment of the judgment, which he had procured to be made. Notwithstanding such assignment, the surety may still treat the judgment as discharged, and resort to his action.

3. Bankruptcy—*new promise.* A discharge in bankruptcy will not avail as a defence against a creditor of the bankrupt, if the latter, after his discharge, makes an unconditional promise to his creditor to pay him. But the promise to pay must be express and direct,—the mere expression of an intention to pay will not avail.

Appeal from the Appellate Court for the First District;— heard in that court on writ of error to the Circuit Court of Cook county; the Hon. Kirk Hawes, Judge, presiding.

Messrs. Moses & Newman, for the appellant:

The new promise of a discharged bankrupt to pay the debt must be distinct, unambiguous and certain. The expression of an intention to pay the debt is not sufficient. There must be a promise before the debtor is bound. *Shoekey* v. *Mills,* 71 Ind. 290 ; *Moseley* v. *Caldwell,* 59 Tenn. 208 ; *Randidge* v. *Lyman,* 124 Mass. 361 ; *Stern* v. *Nussbaum,* 77 How. Pr. 489 ; *Dearing* v. *Moffit,* 6 Ala. 776 ; *Stewart* v. *Reckless,* 24 N. J. 427 ; *Church* v. *Winkley,* 73 Mass. 460 ; *Yoxtheimer* v. *Keyser,* 11 Pa. 364.

In *St. John* v. *Stephenson,* 90 Ill. 82, it was ruled, as claimed by our instruction which was refused, that the promise must be clear, distinct and unequivocal, citing *Allan* v. *Ferguson,* 18 Wall. 1 ; *Porter* v. *Porter,* 31 Me. 169 ; *Merriam* v. *Bailey,* 1 Cush. 77.

The new promise must be an express promise, and must be absolute and unconditional. If there is anything like a condition in the promise, it must be removed by testimony, and placed on the footing of an absolute undertaking, to entitle the creditor to a recovery,—as, if the bankrupt should say that he would pay when he was able, the creditor must

show an ability to pay. *Yates* v. *Hollingsworth*, 5 H. & J. 216; *Brown* v. *Collier*, 8 Humph. 510; *Mason* v. *Hughart*, 9 B. Mon. 480; *La Tourrette* v. *Price*, 28 Miss. 702; *Branch Bank* v. *Boykin*, 9 Ala. 320.

As to the right of the surety to bring his action, and the keeping of the judgment on foot for his benefit: *Burns* v. *Parish*, 3 B. Mon. 9.

In *Brown* v. *Long*, 1 Ired. Eq. 192, (approved of in *Hamer* v. *Douglas*, 4 Jones' Eq.) it was held that "such arrangement (assignment of judgment) does not amount to a payment, for to avoid any possible inference of the sort an assignment is taken to a third person, which has been held sufficient to keep the security on foot." *Hodges* v. *Armstrong*, 3 Dev. & Bat. 253; *Sherwood* v. *Collier*, id. 380.

So say the court in *Briley* v. *Sugg*, 1 Dev. & Bat. 368: "If a surety had taken an assignment of the judgment against the principal and himself to a stranger, and did not intend satisfaction, then the judgment would not have been extinguished."

Mr. FRANCIS LACKNER, for the appellee:

Even conceding the new promise to pay was only a promise to pay when the debtor was able, that does not make the promise a conditional one. The words, "as soon as possible," or, "as soon as I am able," are too uncertain to amount to a condition. They do not point to any future event capable of proof. *Norton* v. *Shepard*, 48 Conn. 141.

In *Cummings* v. *Gassett*, 19 Vt. 308, a judgment was sustained on a promise "that he would pay it as soon as he could," without showing ability to pay.

But the question came up directly in the case of *First Congregational Society* v. *Mullen*, 15 N. H. 520, where the court say: "In the present case the defendant said he had not the money, but would pay as soon as he could. The words following the promise to pay are too uncertain and indefinite

to constitute a condition." However, the same court, in *Butterfield* v. *Jacobs*, 15 N. H. 140, states that "where a person, on being applied to for payment of a debt, declares his inability to pay it, but promises to pay it when he shall become able, the happening of the contingency is, in its nature, susceptible of being proved."

The action in this case was well brought. The judgment was paid. Payment of a judgment extinguishes it, at law, unless an actual assignment is made to a third party, and a surety can keep it alive, if at all, only in equity. *Bailey* v. *Gregg*, Dev. & Bat. Eq. 368; *Elam* v. *Rawson*, 21 Ga. 141.

The whole transaction virtually amounted to a request on the part of the surety to leave the judgment standing on record, in the hope that there might be opportunity to enforce it. When Moessinger paid the judgments his right of action immediately arose, and nothing further was to be done by him to acquire it. *Shepard* v. *Ogden*, 2 Scam. 257.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Charles Moessinger, against Andrew Katz, to recover money paid by the plaintiff in satisfaction of a judgment rendered against Katz and Moessinger upon two certain promissory notes which the plaintiff had signed as surety for Katz. The declaration contained the common counts, to which the defendant pleaded in bar of the action, first, the general issue; second, a discharge in bankruptcy; and third, the Statute of Limitations of five years. To the second plea plaintiff replied a new promise after defendant was adjudicated a bankrupt, and to the third plea a replication was interposed alleging a promise of the defendant within five years. Issue was joined on these replications, and upon a trial before a jury the plaintiff recovered a judgment for the amount claimed, which was affirmed in the Appellate Court.

During the pendency of the cause the death of Moessinger was suggested, and his administratrix was substituted as a party plaintiff, and it is claimed that this was error, because the declaration, as originally filed, alleged that the suit was brought for the use of Schumacher. Before judgment, the declaration was amended, and the name of Schumacher was eliminated from the record, and so far as appears he had no interest whatever in the cause of action, and it was proper, upon the death of Moessinger, the plaintiff in the action, (the only person in whose name the action could be maintained,) to substitute his legal representative,—the administratrix of his estate.

It seems that when Moessinger paid the judgment he was advised not to discharge it of record, and under this advice the holder of the judgment made an assignment, in writing, to one Winthe, but delivered it to Moessinger, and it is contended that the legal title to the judgment stands in the assignee or his legal representative. Winthe paid nothing for the assignment, never had it in his possession, and had no interest in it or knowledge that the judgment was assigned to him. Under such circumstances, we do not think he had any interest whatever in the judgment. Moessinger being a surety on the notes upon which the judgment was founded, when he paid the judgment he had the right to keep it alive for his own benefit by an assignment to a third party, or regard it as paid and discharged, as might best subserve his own interest. He elected to treat the judgment as paid and discharged, and brought his action on this theory, and we do not regard the formal assignment as of any importance whatever.

From a close examination of the record it is apparent that the real bone of contention in the case was, whether the promise to pay, made by Katz after he was adjudged a bankrupt, was a conditional promise, or an absolute, unconditional promise. This was a question of fact for the jury to deter-

mine from the evidence, and they found in favor of the plaintiff. That finding was affirmed in the Appellate Court, and under our statute the decision of the Appellate Court upon a question of this character is not reviewable here. If, then, the law involved in the case was properly given to the jury by the instructions of the court, the judgment will have to be affirmed.

On behalf of plaintiff the court gave two instructions. The first announces the well known rule that a discharge in bankruptcy will not avail as a defence against an indebtedness if the bankrupt, after he has been adjudged a bankrupt, makes an unconditional promise to his former creditor to pay him. As to the second instruction, it is said "that it does not submit the issue of a new promise, but the repayment of notes." We think the instruction, when closely examined, will be found to be free from objection. The fact that the instruction speaks of the payment of the notes upon which judgment was rendered, instead of the payment of the judgment, is a matter of no consequence. The real point at issue was, whether an unconditional promise had been made by the defendant, after he was adjudged a bankrupt, to pay the debt. Whether it was called a judgment, or the notes upon which the judgment was rendered, could not mislead the jury.

The court gave eight instructions on behalf of the defendant, but instruction No. 14 was refused, and this decision of the court is relied upon as error. The instruction, in substance, declares that a mere declaration of an intention to pay a debt discharged by bankrupt proceedings will not be sufficient to create a new obligation,—it must be an express, direct promise to pay. In instructions Nos. 2 and 4, given for defendant, the jury were, in clear and emphatic language, directed that the defendant could not be held liable except upon an unconditional new promise to pay. This, in substance, is all that the refused instruction contains, and it has

often been held not to be error to refuse to give duplicate instructions. Indeed, upon reading the instructions given for defendant, the jury were so fully instructed in his behalf that there is no just ground for complaint, so far as instructions are concerned.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*