# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—MAY TERM, 1897.

## A. J. Lagerquist and E. D. Scott v. Samuel Williams.

1. MERGER—*Of a Usurious Debt in a Judgment.*—As long as any part of the original debt remains unpaid; the debtor may insist upon the deduction of all usurious interest which has been paid thereon by him from the part remaining unpaid; but when the original indebtedness is merged in a judgment a new debt is thereby created, and thenceforth the original claim or demand is extinguished or is transferred into the judgment as a new obligation.

2. JUDGMENTS BY CONFESSION—*Opening of, to Plead Usury.*—A party who has had a judgment entered against him by confession may have the same opened, and he may be let in upon a proper application to make the defense of usury.

3. JUDGMENTS—*By Confession and Upon Verdicts—Distinction.*—The only difference as to the binding effect of a judgment rendered by confession upon a warrant of attorney and one entered upon the verdict of a jury after a trial, is that the former may be opened upon the application of the judgment debtor for the purpose of letting him in to make a defense which he has had no opportunity to interpose, but if no such application is made when the debtor has knowledge of the facts and ample opportunity to make it, a judgment by confession becomes equally as binding and conclusive as one entered after a trial and upon the verdict of a jury.

4. USURY—*Right to Plead Extinguished by New Obligations.*—Where a judgment is entered upon a judgment note including usurious interest, in settlement and satisfaction of which a new note is given, the maker of the new note can not go behind the judgment and plead the usury in the old note as a defense to an action brought upon the new one.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Grundy County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

S. C. STOUGH, attorney for appellants.

While usurious interest, voluntarily paid, can not be recovered back, still, so long as any portion of the debt remains unpaid, the debtor may insist upon the deduction of all usurious interest paid therefrom. Mitchell v. Lyman et al., 77 Ill. 525.

So long as any portion of the debt remains unpaid, the debtor may insist upon the deduction of the usury from the part remaining unpaid. House v. Davis, 60 Ill. 367.

DAVID Ross and REEVES & BOYS, attorneys for appellee.

Where a judgment is entered on a judgment note which includes usurious interest, and afterward a new judgment note is given in. satisfaction of the former judgment, and the judgment on the new note is opened and the defendant let in to defend, he can not set up the usury in the former judgment as a defense *pro tanto.* 2 Black on Judgments, Secs. 677, 759; Montague v. McDowell, 99 Pa. St. 265.

A court of law has power to order the opening of a judgment rendered upon a cognovit, where usury is alleged to constitute a part of the judgment, and to hear the parties and reduce the amount of the judgment, or set it aside altogether. McGuire v. Campbell, 58 Ill. App. 188.

One of the most important results of the merger of a cause of action in the judgment recovered upon it, is that thereby a new debt is created. Thenceforth the original claim or demand is extinguished or is transformed into a new obligation. 2 Black on Judgments, Sec. 677.

A judgment confessed by warrant of attorney is as perfect a judgment as if rendered upon the verdict of a jury after a trial. The court will, however, in such a case, upon the defendant showing a good defense in law or equity, open it, and allow him an opportunity to controvert the cause for which it was entered before a jury.

" In no other respect is there any difference, and a judgment confessed is conclusive and can not be attacked collaterally by the defendant." Braddee v. Brownfield, 4 Watts, 474; Hageman v. Salisberry, 74 Pa. St. 280.

Mr. Justice Crabtree delivered the opinion of the Court.

This was a suit by appellee against appellants, to recover the amount due on a promissory note for $1,000, executed by appellants to appellee, bearing date January 7, 1895. The cause was submitted to the court for trial without a jury upon the following agreed statement of facts:

" It is hereby stipulated between the parties to this cause that the matter in controversy shall be submitted to the court for trial upon its merits without formal pleadings and without a jury upon the following state of facts, which are hereby agreed to, to wit:

That the plaintiff on April 16, 1891, loaned to the defendant A. J. Lagerquist the sum of $1,500, due in six months after date at the rate of eight per cent per annum from date of said note; that said note and the principal sum thereof was renewed from time to time in periods of six months each at the same rate of interest until November 16, 1894, at which time a judgment note was given to the plaintiff by the defendant A. J. Lagerquist and his wife, Caroline Lagerquist, for the sum of $1,640, due in one year after date, with interest at the rate of seven per cent per annum, which said sum of $1,640 represented the principal sum contained in the original note of $1,500 and $140 interest; that on December 21, 1894, a judgment was confessed on the said last mentioned note in the Circuit Court of Grundy County, Illinois, for the sum of $1,699.50, of which $50 was attorney's fees, whereupon an execution was duly issued on said judgment and placed in the hands of the sheriff of said Grundy county to execute; that said sheriff levied said execution upon certain property belonging to said defendant A. J. Lagerquist, and that subsequent to said levy and prior to a sale on, to wit, January 7, 1895, said judgment

was satisfied by the defendant A. J. Lagerquist paying to the plaintiff $649.63 in money, and executing and delivering to the plaintiff the promissory note on which this suit is brought, dated January 7, 1895, for the principal sum of $1,000, payable on or before one year after date, with interest at the rate of seven per cent per annum from date, which said note contained the words, ' Not transferable.' The sum of $50, attorney's fees included in said judgment, being remitted by the plaintiff and the costs of said suit being paid by the plaintiff, thereupon said execution was returned by said sheriff fully satisfied.

It is further agreed by and between the parties that interest at the rate of eight per cent per annum was paid by the defendant, Lagerquist, to the plaintiff, from time to time periodically, on said original and renewed loans, and that after and subsequent to the present law changing the legal rate of contract interest from eight to seven per cent, and prior to the execution and delivery of the note on which this suit is brought, the defendant A. J. Lagerquist, paid to the plaintiff upon said renewed loans the sum of $375 as interest."

Upon a hearing of the cause the trial court found for appellee, and rendered judgment in his favor for $1,095.40, to reverse which, appellants prosecute this appeal.

The agreed statement of facts conclusively shows that the judgment by confession included usury, and it is therefore insisted by appellants that they have the right now to go behind the judgment and obtain credit, or a deduction from the amount due on the note according to its terms, to the extent of the usury included in the judgment. This claim is based upon the proposition that the note in suit is a part of the original debt and that as long as any part of the debt remains unpaid, the debtor may insist upon the deduction of all usurious interest which has been paid thereon, from the part remaining unpaid. No doubt as a general proposition this is a correct rule of law. Payne et al. v. Newcomb et al., 100 Ill. 611; Mitchell v. Lyman et al., 77 Ill. 525; House v. Davis, 60 Ill. 367.

But the original indebtedness having been merged in the

judgment, is it true that the note in suit is a part of the original indebtedness ?  " One of the most important results of the merger of a cause of action in the judgment recovered upon it is that thereby a new debt is created.  Thenceforth the original claim or demand is extinguished, or is transferred into a new obligation."  2 Black on Judgments, Sec. 677.

It is admitted by counsel for appellant, that had the defendant Lagerquist been brought into court by summons and judgment entered against him by default, he could not now go behind the judgment and set up the usury included in it to defeat any portion of the note in suit, which was given in part satisfaction of the judgment; but it is contended that because the judgment was entered by confession Lagerquist did not have his day in court, and therefore the rule of *res adjudicata* should not be applied to him.  We think there is no force in this proposition.  The judgment was entered by confession December 21, 1894, and on January 7, 1895, only seventeen days thereafter, it was satisfied by the appellant Lagerquist paying appellee $649.63 in money, and delivering to him the promissory note for $1,000 upon which this suit is brought.  As a part of the settlement of the judgment, appellee remitted the sum of $50, included therein as attorney's fees.

It is unnecessary to cite any authority to the proposition that appellant Lagerquist could have had the judgment by confession opened and been let in to plead the usury upon a proper application.  He knew of the judgment certainly in ample time to have done so if desired.  He could have had his day in court, but he saw fit to recognize the judgment as valid and binding and voluntarily paid it (including the usury), and had the same satisfied of record.  There is no reason why the rule *res adjudicata* should not be applied to him in the transaction as he has left it.  The only difference we perceive as to the binding effect of a judgment rendered by confession upon a warrant of attorney, and one entered upon the verdict of a jury after a trial, is, that the former may be opened upon the application of the judgment debtor for the purpose of letting in a defense he has

had no opportunity to interpose. But if no such application is made when the party has full knowledge of the facts and ample opportunity to make it, we know of no reason why the judgments are not equally binding and conclusive.

This must be so upon principle and was expressly so decided in Montague v. McDowell, 99 Pa. St. Rep. 285.

In that case, judgment had been entered upon a judgment note, which judgment included usurious interest; and some time afterward a new judgment note was given in settlement of the former judgment, which was thereupon satisfied of record; and it was held that the defendant could not, upon the judgment on the new note being opened, set up as a defense *pro tanto* the usurious interest included in the former judgment. The opinion of the court, by Chief Justice Sharswood, is supported by authority, and we think is decisive of the case at bar, in the absence of any decision by our Supreme Court squarely announcing a contrary holding.

There is nothing in the agreed statement of facts that shows any fraud in the settlement of the former judgment, nor its satisfaction. The facts that the $50 attorney's fees were remitted, the costs paid by the plaintiff, a part of the judgment paid and a new note with additional security given for the balance, all tend to show that the settlement was made upon deliberation, and was intended as full payment of the judgment. Under the circumstances, the original debt ought to be regarded as extinguished and the note now in suit considered as a new debt.

The court below found in accordance with the views herein expressed, and we think it was right. The judgment must be affirmed.