## Peter Bogden, Appellee, v. George Milauckas, Also Known as George Miles, Appellant.

### Gen. No. 9,322.

Opinion filed February 24, 1942.

Coy N. Overaker and S. S. DuHamel, both of Springfield, for appellant.

Walter T. Day, of Springfield, for appellee.

Mr. Justice Fulton delivered the opinion of the court.

On January 14, 1925, one Marie Bamie, later married and known as Marie Patsie, obtained a judgment in a tort action against the defendant appellant, George Milauckas, later known by reason of change of name, as George Miles, in the sum of $3,500, and costs of suit.

From this judgment George Milauckas appealed to this court. The appeal bond was fixed at the sum of $4,500, and at the request of appellant Milauckas, the appellee here, Peter Bogden signed the appeal bond as surety, conditioned to pay the judgment if Milauckas did not pay the same.

On November 27, 1925, this court by remittitur reduced the judgment to the sum of $1,500, and affirmed the judgment for that amount.

This suit was docketed in the circuit court of Sangamon county as Gen. No. 42,037, and the judgment was recorded in Judgment Docket Z at page 263 (line 1).

The plaintiff in that action, Marie Bamie, caused two executions to be issued and same were served on Milauckas and returned "Nulla Bona," Milauckas filing as to each execution a debtor's schedule. Marie Bamie Patsie then instituted an action of debt upon the appeal bond against Milauckas, the principal and Peter Bogden, the surety. On February 8, 1926, she obtained judgment against both defendants in the sum of $4,500 debt with damages of $1,580.70. This suit bore the Gen. No. of 44,926 in the Sangamon county circuit court and the judgment therein was recorded in Judgment Docket Z, apparently under two alphabetical headings; one under letter "B" at page 37 against "Peter Bogden, et al.," and one under the letter "M" at page 263 (line 6) against "George Milauckas, et al."

On May 7, 1926, Marie Bamie Patsie caused an execution to be issued on the debt judgment, and the same was served on Peter Bogden, the next day demanding of him the sum of $1,568.70, and costs. Peter Bogden then made arrangements to pay the debt judgment but in doing so secured from Marie Patsie an assignment of the tort judgment, dated May 12, 1926, and acknowledged by Marie Patsie on May 17, 1926. This assignment purported to "sell, assign, transfer and set over" to Peter Bogden, all the right, title and interest of Marie Patsie, in and to the tort judgment, including the right to "ask, demand, receive, issue execution or other writs, and take all lawful ways for the recovery of the money due, or to become due," etc. It further conveys and assigns to Bogden "the judgment, and any and all sums of money that may be obtained by means thereof, or on any proceeding to be had thereupon," and further stipulates that the assignor "will not collect or receive the same, or any part thereof, nor release or discharge the said judgment, but will allow and own all lawful proceedings therein," etc.

On June 30, 1926, on Judgment Docket "Z," at page 37, indexed as follows: "Bogden, Peter, et al., ads. Marie Bamie Patsie, formerly Marie Bamie" appears

the following, "Satisfied in full this 30th day of June, 1926. William J. Lawler, John G. Friedemeyer, attorneys of record for Plaintiff."

The appellee, Peter Bogden, has now instituted the present suit to revive the judgment, which he owns as the assignee of Marie Patsie, and to recover the amount due to himself as such assignee.

The complaint filed sets forth the foregoing facts and appellee bases his right of recovery on the following section of the statute: Chapter 83, section 24b of the Limitations Act, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 107.284(2)], which reads: "Judgments in any court of record in this State may be revived by scire facias, or by ordinary civil action in lieu of scire facias as provided by the Civil Practice Act, and all existing and future amendments thereto, or a civil action may be brought thereon within twenty years next after the date of such judgment and not after; . . ."

A motion and affidavit for summary judgment were filed with the complaint.

The appellant, George Milauckas filed an answer, affidavit and four special defenses. They admit the facts as set forth in the complaint but deny the effect of such facts.

The separate and special defenses are briefly the following:

1. That the satisfaction of the judgment in debt by Marie Bamie, on June 30, 1926, was in full for both the debt, judgments against Milauckas and Bogden and the first judgment, or the tort judgment, thereby became and was extinguished; that by reason of such satisfaction the appellant is not now indebted to anyone, and that there is no judgment existing to be revived or upon which collection can be made.

2. That accordingly Peter Bogden took and received nothing by the assignment of the original judgment from Marie Bamie.

3. That the five-year statute of limitations bars any action for subrogation or to force subrogation from Marie Bamie.

4. That the five-year limitation period also bars any action to revive and collect such judgment or any interest thereon.

The court heard the cause upon the motion for summary judgment and entered judgment against the defendant appellant and in favor of the plaintiff appellee in the sum of $2,723.55, from which judgment appellant appeals.

Appellant has cited a number of cases from foreign jurisdictions and from Illinois in support of his first and second defenses; that Marie Bamie obtained two judgments against Appellant to secure her damages sustained in the tort case; that she had a right to prosecute either of such judgments until the satisfaction thereof, but she did not have a right to obtain satisfaction upon both of such judgments; that when she satisfied one of such judgments all her right, title and interest in and to both judgments became extinguished and she then had no right to assign either of such judgments to the appellee, Peter Bogden.

Of course Marie Bamie was entitled to only one satisfaction but a surety always has a right to protect his interests when called upon to pay a debt upon which he was not primarily liable. The cases of *Kapischki v. Koch,* 180 Ill. 44; *Katz v. Moessinger,* 110 Ill. 372; *Cleiman v. Murphy,* 34 Ill. App. 633, and *Junker v. Rush,* 136 Ill. 179, are in our judgment, clearly distinguishable from the facts in the present appeal.

The surety, Peter Bogden, was compelled to pay a debt which he did not owe, in order to protect his own property from the lien of an execution. Having paid such debt he was entitled to reimbursement from the principal debtor. The appellant, Milauckas, admits in his pleadings and affidavit that he, personally, has

never paid the judgment which Marie Bamie obtained against him in 1925. He does not even contend that any of his money was used by Bogden in the purchase of the tort judgment. Neither does he claim that the appellee has ever been reimbursed by him or anyone else for the loss appellee suffered in his capacity as surety for the appellant. His only claim is that by some trick of the law or by some technical defense he is relieved of all obligation to pay.

In similar cases our courts have many times held that where the intent is to preserve the judgment in favor of a surety as against the principal debtor the taking of the assignment is conclusive evidence of the intent of the parties to keep the judgment alive and in force for the benefit and protection of the assignee. *Allen v. Powell,* 108 Ill. 584; *Flagg v. Geltmacher,* 98 Ill. 293; *Walker v. Chicago, M & N. R. Co.,* 277 Ill. 451; *Eagle Indemnity Co. v. Haaker,* 309 Ill. App. 406.

In his third separate defense appellant contends that because the appellee in his affidavit for summary judgment described himself in one instance as the ''subrogee'' of Marie Bamie, that therefore this action is one of subrogation and as such is barred by the five-year statute of limitations. An examination of the pleadings and the affidavit of appellee discloses that this is an action by an assignee asserting his rights as an owner of a judgment to have the same revived and collected under the section of the Limitations Act above quoted. The suit is not therefore barred by such statute.

In the fourth special defense appellant insists that interest was no part of the original judgment and that the court erred in allowing any interest as a part of such judgment because the five-year statute of limitations applies as to such interest. In support thereof appellant relies on the case of *Blakeslee's Storage Warehouses, Inc. v. City of Chicago,* 369 Ill. 480. In that case an award had been made in a condemnation suit for $54,000, in February 1926. In October of the

same year the city of Chicago paid the exact amount of the award which the property owner accepted and satisfied the judgment. Eight years later the property owner started a new and independent suit for interest due on the original judgment at the time the city made payment to him. The court held that such action did not come within the provisions of the Limitations Act authorizing an action upon a judgment within 20 years next after the date of judgment, as the action was not upon the judgment but was an independent claim for interest, and must necessarily be commenced within the five-year period. In the recent case of *Tracey v. Shanley*, 311 Ill. App. 529, the court held that accruing interest is not separated from the judgment and the statute of limitations does not run against it until the judgment itself is barred by the statute. Where a judgment is unpaid and unsatisfied, the statute provides for interest continuously until the date of satisfaction and in such cases the bar of the statute does not apply.

Finding no error in the judgment of the circuit court its action is hereby affirmed.

*Affirmed.*