Submitted April 3, affirmed May 11, 1972

HYBERTSEN, *Respondent, v.* REIMANN et al,
*Appellants.*

496 P2d 917

On the brief for appellants were Dale Pierson and Goodenough, Evans & Pierson, Salem.

On the brief for respondent was Myron L. Enfield, Salem.

O'CONNELL, C.J.

This is an action brought against the accommodation makers of three promissory notes. The case was tried to the court without a jury. Defendants appeal from a judgment for plaintiff.

Mr. and Mrs. L. E. Klumpp sold certain property to Hallmark, Inc., taking back three corporate notes secured by a second mortgage. The notes were also signed by defendants as individuals to provide the Klumpps with additional security. Hallmark, Inc. became bankrupt and the property securing the notes was assigned to the trustee in bankruptcy. Plaintiff purchased from the trustee in bankruptcy a two percent interest in the property. Plaintiff also acquired from the Klumpps the three notes executed by Hallmark, Inc. and the defendants.

Defendants contend that the debt represented by the notes was discharged by merger resulting from

the acquisition of the title to the mortgaged property together with the notes and mortgage. However, there is no evidence in the record that plaintiff acquired the second mortgage from the Klumpps. Even if they had acquired it, defendants do not explain how merger would operate to discharge the debt.

■■ Where one purchases land from the mortgagor subject to a mortgage and thereafter takes an assignment of the mortgage, the general rule is that the debt is extinguished.[1] But the record does not show that plaintiff purchased the land subject to the mortgage; it shows only that a partial interest in the land was purchased from the trustee in bankruptcy.

The trial court correctly held that defendants failed to establish that the debt was extinguished by merger.

■ Defendants next argue that plaintiff, having taken an assignment of the notes knowing that they were overdue, was not a holder in due course and therefore under ORS 73.3060 plaintiff takes the instruments subject to the defense of want or failure of consideration.[2] It is contended that defendants received no con-

---

[1] Osborne on Mortgages § 274, p. 770 (1951).

[2] ORS 73.3060 provides:

"Unless he has the rights of a holder in due course any person takes the instrument subject to:

"(1) All valid claims to it on the part of any person; and

"(2) All defenses of any party which would be available in an action on a simple contract; and

"(3) The defenses of want or failure of consideration, nonperformance of any condition precedent; nondelivery, or delivery for a special purpose; and

"(4) The defense that he or a person through whom he holds the instrument acquired it by theft, or that payment or satisfaction to such holder would be inconsistent with the terms of a restrictive indorsement. The claim of any third person to the instrument is not otherwise available as a defense to any party liable thereon unless the third person himself defends the action for such party."

sideration for adding their signatures to the notes as accommodation makers. The answer to this contention is found in 2 Anderson, Uniform Commercial Code § 3-415:8, p. 1002; § 3-415:12, p. 1004; § 3-415:13, p. 1005 (2d ed 1971):

"The fact that an accommodation party did not receive any consideration is immaterial. The fact that the maker of the note and not the accommodation maker received the consideration is not a defense to the accommodator.

"An accommodation party cannot claim that there is no consideration for his accommodation as the value received by the principal debtor, the person accommodated, is the consideration for which the accommodation party lends his credit. * * * * *

"An accommodation party is liable to the assignee of the holder without regard to whether the assignee is a holder in due course, a holder, or a mere transferee. * * * * *

"The fact that the accommodated maker has been declared bankrupt does not relieve an accommodator who signs as a co-maker as he has a primary liability to the holder."

■ Finally, defendants contend that the court erred in failing to provide in the judgment for plaintiff that defendants are subrogated to plaintiff's rights under the judgment. Assuming, without deciding, that defendants were entitled to subrogation, their claim was never presented in the trial court and it is now too late to assert it in this court.

The judgment of the trial court is affirmed.