Argued April 8, affirmed June 4, petition for rehearing denied by opinion
September 1, 1976
See 276 Or 95, 553 P2d 1064

# REIMANN, *Respondent,*

## *v.*

# HYBERTSEN, *Appellant.*

550 P2d 436

*Myron L. Enfield,* Salem, argued the cause and filed a brief for appellant.

*Dale Pierson* of Goodenough and Pierson, Salem, argued the cause and filed a brief for respondent.

HOLMAN, J.

## HOLMAN, J.

Plaintiff brought a suit to require defendant to assign to him certain notes and the mortgages securing them. Defendant appeals from a decree granting the prayer of plaintiff's complaint.

Plaintiff signed the notes as an accommodation maker. The notes were purchased by defendant who received an assignment of the notes and the mortgages which secured them. Defendant brought an action on the notes against plaintiff and another accommodation maker and received judgment. *Hybertsen v. Reimann,* 262 Or 116, 496 P2d 917 (1972). Plaintiff paid the judgment and brought this suit, claiming he is subrogated to defendant's interest in the notes and mortgages. Defendant admits plaintiff is entitled to the notes but claims plaintiff is not entitled to an assignment of the mortgages.

■ Defendant's first contention is that there is no proof that he is possessed of any mortgages securing the notes. There is no oral testimony. The only evidence is the record (excluding the transcript) in the first case which defendant brought against plaintiff to recover on the notes. As part of the stipulated record in that case there is a memorandum decision of the trial court which contains the following:

> "* * * The evidence indicates that Hallmark, Inc. [the maker of the notes], purchased the real property from one Klumpp [the payee of the notes] and that as a part of the transaction and part of the purchase price, Hallmark and the defendants gave the notes and second mortgages to Klumpp. *Thereafter Klumpp assigned to the plaintiff* [present defendant]." (Emphasis ours.)

This evidence is sufficient, in the absence of contrary evidence, to prove defendant's possession of the mortgages.

■ Defendant also contends that the doctrine of res judicata prevents plaintiff from asserting any right of subrogation with respect to the mortgages because in

the first case plaintiff (defendant there) claimed a right of subrogation if the court in that case granted judgment against him. Although the court granted judgment against him, the court in that case ignored the request. The contention is not tenable. Plaintiff at the time of the granting of the judgment in the first case was not entitled to subrogation because he had not yet satisfied the judgment. Subsequent to the decision in that case he satisfied the judgment. Thus plaintiff is now asserting a claimed right which he acquired *subsequent* to the decision in the prior case and the adjudication in that case would not bind him.

■ Defendant's last contention is that plaintiff is not entitled to subrogation with respect to the mortgages. This contention is contrary to established law. ORS 73.4150 (Section 3-415 of the UCC) provides, in part, as follows:

> "(1) An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it.
> "\* \* \* \* \*.
> "(5) An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party."

Official Comment to subsection (1) states:

> "Subsection (1) recognizes that an accommodation party is always a surety (which includes a guarantor), and it is his only distinguishing feature. He differs from other sureties only in that his liability is on the instrument and he is a surety for another party to it. \* \* \*." Uniform Commercial Code 293, § 3-415 (1972 Pamph).

Official Comment to subsection (5) states:

> "\* \* \* Under ordinary principles of suretyship the accommodation party who pays is subrogated to the rights of the holder paid, and should have his recourse on the instrument." Uniform Commercial Code 294, § 3-415 (1972 Pamph).

Plaintiff being a surety, we turn to the law of suretyship to determine plaintiff's rights to the mortgages

which were given as security for the payment of the notes. Simpson on Suretyship 206-07, ch 2, § 47, contains the following statement:

"It is universally recognized that the surety upon paying the creditor is entitled to be substituted to the creditor's position. This right is known as the right of subrogation. It amounts to equitable assignment, in that equity will treat the surety as though he were an assignee of the creditor, *standing in his shoes to enforce* the debt against the debtor together with *any collateral held as security for the debt,* entitled to all priorities and immunities enjoyed by the creditor. Against the creditor, the right is strictly equitable, and is simply *a right that the creditor assign to the surety* his claim against the principal as well as *any security held by him.* It amounts in reality to specific performance, differing only in the respect that the duty of the creditor, which the court enforces, does not arise from contract, but is imposed upon him by equity, to increase the probability of the surety's obtaining reimbursement. The creditor, of course, has no basis upon which he can object to assigning his claim and his security to the surety. * * *." (Emphasis ours; footnotes omitted.)

This is confirmed by the Restatement of the Law of Security. See Section 141(a) and (b) as well as the comment to subsection (a) and Illustration No. 1 thereunder.

The judgment of the trial court is affirmed.