Upon appellant's petition for rehearing filed June 23, 1976. Former opinion filed June 4, 1976. 275 Or 235, 550 P2d 436. Rehearing denied; former opinion modified September 3, 1976

REIMANN, *Respondent,*

*v.*

HYBERTSEN, *Appellant.*

553 P2d 1064

Myron L. Enfield, Salem, for petitioner.

Dale Pierson of Goodenough and Pierson, Salem, for respondent.

HOLMAN, J.

## HOLMAN, J.

Our prior opinion in this case involved three notes and three mortgages. Each of the notes was originally secured by a mortgage encumbering a different piece of real property. We affirmed the decree of the trial court directing that the defendant assign each of these notes and mortgages to plaintiff because plaintiff, as an accommodation maker, had paid the notes.

Defendant contended on appeal that there was no evidence that any of these mortgages was ever assigned to him or came into his possession so there was no proof to sustain the decree as to the mortgages. Our opinion held that a memorandum opinion of the trial court in the previous litigation between the parties, in which litigation defendant brought an action against plaintiff to recover on the notes, evidenced that all mortgages had been assigned to defendant and was sufficient proof of defendant's possession of the mortgages.

On rehearing, defendant points out for the first time that the place of recordation of one of the mortgages involved in the present case is different from the place of recordation of any of the mortgages described in the record in the first case and which the court there found were transferred to defendant. In the present case one of the mortgages is described in both plaintiff's complaint and the trial court's decree as being recorded in Volume 623, page 34, Mortgage Records of Marion County. The record from the prior case does not disclose any mortgage so recorded.

Something which the defendant does not mention and which further demonstrates the lack of care with which plaintiff's pleadings and the decree were drawn is that both plaintiff's complaint and the decree in the present case describe another of the mortgages as encumbering Lot 18, Klumpp Subdivision. Although the volume and page of recordation appear to be in conformance with the proof which was furnished by the records from the previous case, the description of the property encumbered is not.

We are thus left with pleadings and decree in the present case which, obviously, have erroneously set forth, in one instance, the volume and page of recordation and, in another instance, the description of the real property which was mortgaged. There is no proof, of course, that there exists any mortgage which is recorded in Volume 623, page 34, Mortgage Records of Marion County, nor is there proof of any mortgage upon Lot 18, Klumpp Subdivision.

There is proof, however, from the record in the prior case that the three notes on which defendant there recovered were secured by three mortgages which were assigned to defendant. These notes are the identical notes whose security is the subject of the present litigation and appeal. Photostatic copies of the notes are present in the records of both cases and are identical.

From beginning to end the issues in this case which have been litigated are whether the mortgages which were given as security for these notes were transferred to defendant when he purchased the notes and, if so transferred, whether plaintiff was entitled to have the mortgages assigned by defendant to him upon his paying to defendant the amount due on the notes. This is an equity case and is tried de novo in this court. There is evidence that three mortgages were assigned to defendant which were security for the three notes which plaintiff paid. Regardless of the property which those mortgages cover and regardless of where they are recorded, it is the decree of this court that defendant assign them to plaintiff.

Our former opinion is so modified.