ANNA NATIONAL BANK, Plaintiff-Appellant, *v.* J. LEWIS WINGATE *et al.*, Defendants-Appellees.

Fifth District   No. 77-393

Opinion filed August 28, 1978.

Feirich, Schoen, Mager, Green & Associates, of Carbondale, for appellant.

Gerald D. Owens, of Benton, for appellees.

Mr. JUSTICE FRIEDMAN delivered the opinion of the court:

This action grows out of the execution, in 1967, of a note by the defendant and his great-uncle, R. V. Tuthill. The parties agree that the proceeds of the note were used to pay expenses incurred by defendant in beginning his law practice and were never repaid by him. There is a further agreement that R. V. Tuthill was an accommodation maker of the note under the provisions of article III, section 3—415 of the Uniform Commercial Code (Ill. Rev. Stat. 1967, ch. 26, par. 3—415).

Following the death of R. V. Tuthill in late 1967, the payee of the note, the State Bank of Anna, brought suit upon the note in 1968 and recovered a judgment by confession pursuant to the terms of the note. Both defendant and the estate of R. V. Tuthill were defendants in that action and became judgment debtors. In 1972 the executors of the estate executed a renewal note to the bank in satisfaction of the judgment, taking back an assignment of that judgment. The estate, in turn, assigned the judgment to plaintiff. This suit was brought upon an affidavit for a writ of *scire facias* under section 25 of "An Act in regard to limitations" (Ill. Rev. Stat. 1975, ch. 83, par. 24(b).) The trial court denied the application for the writ and this appeal followed. We must reverse.

A question is raised as to whether plaintiff's sole remedy is to institute a separate action for recovery on the note pursuant to section 3—415 of the Code. While the provisions of that section are certainly clear that an

accommodation maker may, if he pays the note, recover from the party accommodated, we do not believe that is the sole recourse available to the plaintiff here, even though a judgment intervened to extinguish the note by merger. See *Reimann v. Hybertsen* (1976), 275 Ore. 235, 550 P.2d 436.

■■■ It is a basic principle of equity, as opposed to common law under which the assignment of judgments was not recognized, that the assignee of a judgment takes all the rights under the judgment of the assignor. (*Crawford v. Logan* (1881), 97 Ill. 396.) Furthermore, it is established that an assignee may maintain an action on a judgment after the debt underlying that judgment has been paid. (*Stombaugh v. Morey* (1944), 388 Ill. 392, 58 N.E.2d 545.) The note evidencing such debt is merged into the judgment. *Stombaugh.*

■■ Defendant argues that under section 3—601(3) of the Code, once the original note is discharged by the payment of anyone, his liability comes to an end. That argument runs counter to the principle that an accommodation maker has recourse under section 3—415 of the Code. Under the comments to that section, it is clear that the drafters considered an accommodation maker to be a surety for the person accommodated. Thus, even apart from the remedy of section 3—415, a surety may, after payment of the underlying debt, take an assignment of the judgment against himself and the party assured, and enforce that judgment against the latter, thereby satisfying the obligation created by the payment of the debt. The surety does not have to rely on his right of subrogation; he may choose an alternate remedy. (*Thomas v. Home Mutual Building Loan Association* (1910), 243 Ill. 550, 90 N.E. 1081; *Bogden v. Milauckas* (1942), 313 Ill. App. 311, 40 N.E.2d 91; *Allen v. Powell* (1884), 108 Ill. 584; *Bartel v. Zimmerman* (1920), 293 Ill. 154, 127 N.E. 373.) When a judgment is rendered on a debt, the liability of that debt is merged into the judgment and becomes a new obligation of record which differs in character, nature and essence from the original obligation. (*Burket v. Reliance Bank & Trust Co.* (1940), 306 Ill. App. 563, 29 N.E.2d 297.) A new debt apart from the nature of and defenses to the old obligation is created. (*Lagerquist v. Williams* (1897), 74 Ill. App. 17.) It therefore follows that plaintiff, as the assignee of the judgment creditor, has the right to enforce the judgment against defendant. See 2 Freeman, Judgments 2253 (5th ed. 1925).

The ruling of the trial court is reversed and remanded with instructions to issue a writ of *scire facias.*

Reversed and remanded.

EBERSPACHER, P. J., and KARNS, J., concur.