Argued and submitted September 19, affirmed November 9, 1983

## LEMKE,
*Appellant,*

*v.*

## WESTERN HOMES & LAND CO.,
*Respondent.*

(16-82-01852; A27509)

671 P2d 709

Lawrence F. Cooley, Eugene, argued the cause and filed the brief for appellant.

Kenneth B. Ross, Portland, argued the cause for respondent. With him on the brief was James N. Esterkin, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals from a summary judgment for defendant. Plaintiff sued for specific performance of a contract under which defendant was to convey to plaintiff, with an access easement, lots on Woahink Lake in Dunes City, for which plaintiff was to pay the purchase price in installments and excavate a portion of defendant's remaining property "in such a manner that a beach is created." Plaintiff alleged that he had "excavated a portion of Defendant's property in such a manner that a beach is created, however, any further excavation of Defendant's property would be a violation of Dunes City ordinances." Plaintiff also pleaded that "other than is alleged herein" plaintiff had fully performed, but that defendant had failed to convey to him some of the lots and the access easement.

Defendant's answer admitted that it had not conveyed the described lots, denied that plaintiff had performed or tendered performance or that ordinances of Dunes City forbade the beach excavation and affirmatively alleged the defense of *res judicata:*

"On April 17, 1981, and April 21, 1981, plaintiff and defendant fully litigated the facts upon which the instant case is predicated. By decree dated June 16, 1981, Judge Roland K. Rodman found as a matter of fact that plaintiff failed to prove a tender or performace which would entitle plaintiff to relief, and further failed to prove an impossibility of performance."

Defendant then moved for and obtained a summary judgment. ORCP 47. He submitted a memorandum of law to which he attached numerous exhibits, including the June 16, 1981, decree, ordinances of Dunes City and portions of plaintiff's deposition. Defendant's memorandum asserted that plaintiff's suit was barred by *res judicata* and that plaintiff had also failed to show either a tender of performance or impossibility excusing it. Plaintiff submitted an affidavit in opposition to defendant's motion.

Plaintiff assigns as error that the court considered evidence which was not in the form required by ORCP 47. Plaintiff did not object below to the form of defendant's memorandum. The affidavit that plaintiff submitted in opposition to defendant's motion makes several references to defendant's memorandum, attempts to respond to it and

makes no objection to its form. Plaintiff waived any claim that the trial court should not have considered defendant's memorandum and the exhibits attached to it.

■ As stated in *Western Baptist Mission v. Griggs,* 248 Or 204, 209, 433 P2d 252 (1967):

"The doctrine of res judicata applies when a subsequent action has been brought by one party against another party to a prior suit. If the two cases involve the same 'claim, demand or cause of action,' then the judgment in the first suit not only bars all matters actually determined, but also every other matter which might have been litigated and decided as incidental to or essentially connected therewith either as a claim or a defense."

Plaintiff's first action for specific performance, tried in April, 1981, involved the same claim as his second. In the first, the court's decree contained these findings:

"[That] the plaintiff failed to prove that there is an impossibility of performance that the plaintiff's obligation to construct a beach area in the location selected by defendant and that plaintiff failed to prove a tender of performance."

Plaintiff asserts, however, that *res judicata* does not apply because of three new facts arising after the first action: (1) since the first trial, plaintiff has substantially complied with the contractual provisions by excavating the beach; (2) it was no longer a matter of conjecture that the Dunes City ordinances prohibited excavation of the beach; and (3) since the first trial the plans for the beach had been submitted to Dunes City and disapproved. We disagree. *See Reimann v. Hybertsen,* 275 Or 235, 550 P2d 436, *modified* 276 Or 95, 553 P2d 1064 (1976); *See also In the Matter of Newman,* 44 Or App 221, 619 P2d 901 (1980).

■ The issues at the first trial, determined adversely to plaintiff, were whether plaintiff had tendered performance and whether plaintiff's performance was excused by impossibility of performance. The three facts asserted by plaintiff to have occurred since the first action do not raise new issues regarding tender or impossibility of performance. Plaintiff's deposition in the second trial shows that at that time there was still no beach on the property, that plaintiff had not tendered the beach required by the contract and that the Dunes City ordinances do not prohibit excavation of a beach

in accordance with the contract. All of the ordinances were in effect at the time of the first trial.

The claims and issues in the second action are matters that were or could have been fully litigated in the first trial and there was no change in the operative facts from the first action to the second. *See Troutman v. Erlandson,* 287 Or 187, 203, 598 P2d 1211 (1979). Furthermore, even if the court had limited its consideration, as plaintiff argues it should have done, to the pleadings, the portions of plaintiff's deposition submitted by the defendant and the affidavit of plaintiff, there still remains no genuine issue of material fact. The court did not err in allowing defendant's motion for summary judgment.

Affirmed.