HOMER M. THOMAS *et al.* Appellees, *vs.* HOME MUTUAL BUILDING LOAN ASSOCIATION *et al.*—(HELEN E. GUNSOLUS, Appellant.)

*Opinion filed February 16, 1910.*

1. DEEDS—*when grantee becomes personally liable to pay encumbrances.* Where a grantee, as part of the consideration for the conveyance, "assumes all encumbrances," the word "assumes" has the meaning of "assumes and agrees to pay," and the grantee becomes personally liable to pay the encumbrance, and, as between herself and the grantor, becomes the principal debtor.

2. MORTGAGES—*when a mortgagee may establish claim against grantee's estate.* Where a deed provides, as part of the consideration, that the grantee assumes a mortgage, and the mortgage is not paid when the property, under the terms of the deed, reverts to the grantor at the grantee's death, the mortgagee is entitled to establish a claim against the grantee's estate for the amount due on the mortgage, but until payment of the judgment the mortgagee is entitled to foreclose the mortgage.

3. SAME—*what transaction does not extinguish a judgment for the mortgage debt.* Where a mortgagee has recovered a judgment for the mortgage debt against the estate of a grantee who had assumed the mortgage, a subsequent purchaser of the property may, to prevent foreclosure, purchase the judgment in her own name or by an agent and arrange with the mortgagee to cancel and release the mortgage, and such transaction does not operate as a merger of interests or an extinguishment of the judgment, such as relieves the estate from liability to the purchaser or her assignee.

4. ASSIGNMENT—*when assignment of judgment to the person liable for debt does not extinguish it.* The assignment of a judgment will not satisfy or extinguish it where the assignee, although liable for the debt evidenced by the judgment, is not a party to the judgment or occupies the position of a surety, only.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

RITSHER, MONTGOMERY, HART & ABBOTT, for appellant:

Where a grantee in a deed "assumes" a mortgage upon the property conveyed, the effect of the word "assumes" is no more nor less than as though the words "assumes and agrees to pay" had been contained therein. *Eggleston* v. *Morrison,* 185 Ill. 577; *Springer* v. *DeWolf,* 194 id. 218; *Schley* v. *Freyer,* 100 N. Y. 71; *Scholten* v. *Barber,* 217 Ill. 148; *Sparkman* v. *Gove,* 44 N. J. L. 252; *Jehle* v. *Brooks,* 112 Mich. 131.

The conveyance of the property in question by Mrs. Coffin to Mrs. Snell and the assumption by the grantee in the deed of conveyance of the encumbrance existing upon the property makes the grantee the original debtor and the original mortgagor the surety for the debt. The subsequent vesting of the title in the original grantor by the death of Mrs. Snell does not alter the relation of the parties. Mrs. Hammond, the subsequent purchaser, if obliged to pay off the mortgage in question in order to protect her

title, might recover from either or both. *Ingram* v. *Ingram,* 172 Ill. 287; *Flagg* v. *Geltmacher,* 98 id. 293.

The owner of mortgaged premises taking under a warranty deed which makes no mention of the mortgage may pay the mortgage indebtedness and be subrogated to the rights of the mortgagee, and may have an action at law against those primarily liable upon the mortgage. *Hazle* v. *Bondy,* 173 Ill. 302; *Stiger* v. *Bent,* 111 id. 328.

GEORGE A. TRUDE, and M. MARSO, for appellees:

Where a mortgagor sells the mortgaged premises, the purchaser assuming the mortgage, the land purchased is in his hands the primary fund for the payment of the mortgage, and where the grantee of such a purchaser purchases the original mortgage it is thereby paid and discharged. *Lilly* v. *Palmer,* 51 Ill. 331; *Bank* v. *Reis,* 136 id. 242; *Weber* v. *Zeimet,* 30 Wis. 283.

The property in question was the primary fund for the payment of the mortgage debt, and as this right to resort to the property as the primary fund for the payment of the debt appeared upon the face of the conveyances through which Mrs. Hammond obtained her title, she is chargeable with notice of that right equally as if the deed to her had in terms disclosed that she was to take the property subject to the mortgage. *Weber* v. *Zeimet,* 30 Wis. 283; *Jumel* v. *Jumel,* 7 Paige, 591; *Freeman* v. *Auld,* 44 N. Y. 50.

Florence E. Hammond took the property charged with the encumbrance. She could not pay the debt and then keep it alive by taking an assignment of it to herself or some one for her. *Atherton* v. *Toney,* 43 Ind. 211; *Mathews* v. *Aiken,* 1 Comst. 595.

When the owner of real estate becomes the owner of a charge or encumbrance upon the same, with no intervening interest or lien, the charge or encumbrance will merge in the ownership and cease to exist. *Converse* v. *Cook,* 8 Vt. 164; *Bank* v. *Reis,* 136 Ill. 242.

If appellees, as executors of the estate of Henrietta Snell, had been compelled to pay the mortgage debt, they would have been entitled to, and it would have been their duty to, have had the mortgage assigned to them or to have instituted proceedings to be subrogated to the rights of the building association under the mortgage. *Jumel* v. *Jumel,* 7 Paige, 591; *Baker* v. *Terrell,* 8 Minn. 165.

Satisfaction of the debt, in whatever way it be made, whether it be upon a judgment at law or upon a decree in equity made in respect of the same mortgage, satisfies and discharges all the proceedings taken to enforce the debt, either against the person or the property. 2 Jones on Mortgages, sec. 1219; *Fairman* v. *Farmer,* 4 Ind. 436.

The assignee of a judgment takes it subject to all the equities that existed between the parties to the record. *Hughes* v. *Trahern,* 64 Ill. 48; *Pearson* v. *Luecht,* 199 id. 475.

Mr. JUSTICE COOKE delivered the opinion of the court:

The executors of the last will and testament of Henrietta Snell, deceased, filed their petition in the probate court of Cook county, alleging that on April 5, 1901, the Home Mutual Building Loan Association of Racine, Wisconsin, filed its claim against the estate of said Henrietta Snell, deceased, based upon the following facts: That on October 21, 1898, Grace S. Coffin, daughter of Henrietta Snell, being then the owner of certain real estate, executed a mortgage upon the same to said building loan association to secure the payment of her note and bond for $5000 of that date, which mortgage was duly acknowledged and recorded in Kenosha county, Wisconsin, where the land was situated, copies of the mortgage, note and bond being attached to said claim; that on December 1, 1898, Grace S. Coffin conveyed said premises to Henrietta Snell, and by the deed of conveyance the grantee, Henrietta Snell,

"assumes all encumbrances which is now of record against said property;" that by said deed it was also provided that in the event of the death of Henrietta Snell during the lifetime of the grantor the title to said premises should revert to and vest absolutely in said Grace S. Coffin; that this deed was acknowledged and recorded in said Kenosha county, a copy of which was also attached to said claim. The petition then alleges that said encumbrance not having been paid during the lifetime of Henrietta Snell, the claim was allowed in the probate court of Cook county on September 24, 1901, in the sum of $4762.10; that an appeal was prosecuted to the circuit court of Cook county, and on March 8, 1902, judgment was entered in the circuit court allowing the claim for $4871.22; that upon the death of Henrietta Snell title to the said premises became vested in said Grace S. Coffin; that on August 29, 1902, Grace S. Coffin, by warranty deed, conveyed said premises to Florence E. Hammond, which deed was duly recorded; that on March 2, 1903, Florence E. Hammond paid to the building loan association the amount then due it upon said encumbrance, and the building loan association thereupon executed and delivered its release of said mortgage, in and by which it acknowledged satisfaction and payment in full of said mortgage, which release was duly acknowledged and recorded; that on October 30, 1903, Florence E. Hammond conveyed the said premises, by warranty deed, to Joseph C. Yeager, and that the encumbrance so paid by Florence E. Hammond was the same encumbrance described in the claim filed by said association against the estate of Henrietta Snell; that petitioners were informed that Frank G. Wright and Susan F. Gunsolus claimed to be the owners of the claim so allowed against said estate in favor of the building loan association by virtue of a pretended assignment from said association, but that in fact and in law the claim so allowed had been paid and that the estate and the executors should be relieved from

its payment, and prays that the court may find and decree that the claim so allowed against said estate has been paid and satisfied, and that the estate and petitioners, as executors, be relieved from the payment thereof. The building loan association, Frank G. Wright and Susan F. Gunsolus were the only parties made defendants. Wright answered, admitting the assignment of the judgment to him and disclaiming any interest in the subject matter of the petition. Susan F. Gunsolus answered, alleging that she took an assignment of the judgment from Wright and paid the face value thereof. On the hearing the probate court denied the prayer of the petition. An appeal was prosecuted to the circuit court, where, upon a hearing, the prayer of the petition was denied and the petition dismissed. From this judgment and order of the circuit court the executors appealed to the Appellate Court for the First District, where the judgment of the circuit court was reversed and the cause remanded to the circuit court, with directions to allow the prayer of the petition. During the pendency of the cause in the Appellate Court, Helen E. Gunsolus, assignee, was substituted for Susan F. Gunsolus, and Helen E. Gunsolus now prosecutes this appeal from the judgment of the Appellate Court.

On the trial of the cause in the circuit court it was stipulated that the claim was filed as stated; that Mrs. Coffin executed the mortgage to secure her note and bond for $5000, which mortgage was recorded; that on December 1, 1898, Mrs. Coffin conveyed the premises to Mrs. Snell by warranty deed, in which the grantee assumed all encumbrances of record on the premises; that said deed provided that the premises should revert to the grantor in the event the grantee should die during the lifetime of the grantor; that Mrs. Snell died February 24, 1900, and the encumbrance not having been paid, the building loan association filed its claim against her estate, which was allowed in the probate court on September 24, 1901, for

$4762.10, and, on appeal, in the circuit court for $4871.22;
that a certified copy of the order and judgment of the cir-
cuit court had been filed in the probate court; that upon
the death of Mrs. Snell the title to said premises became
vested in Mrs. Coffin according to the terms of said deed;
that on August 29, 1902, Mrs. Coffin sold and conveyed
said premises, by warranty deed, to Mrs. Hammond, which
deed was recorded, and that Mrs. Hammond, on Octo-
ber 30, 1903, sold and conveyed said premises to Joseph
C. Yeager,—which stipulation was admitted in evidence.
In addition to the stipulation, the claim of the building
loan association allowed in the circuit court, together with
exhibits attached and with the order of judgment entered
thereon; the deed from Mrs. Coffin to Mrs. Snell; the
deed from Mrs. Coffin to Mrs. Hammond; the note, bond
and mortgage, all marked "paid and canceled by Florence
E. Hammond, by Frank G. Wright;" the release of the
mortgage by the building loan association; the contract be-
tween Mrs. Hammond and Mrs. Coffin, and the assignment
of the judgment to Wright, were admitted in evidence.

Respondents called as a witness Herbert Hammond,
the husband of Florence E. Hammond, who testified that
during the year 1902, acting as the agent of his wife, he
entered into a contract with Grace S. Coffin to purchase
the premises in question, together with certain chattels
thereon, for the sum of $500, subject to three mortgages,—
one for $5000 payable to one Ansley, one for $1500 and
another for $2500; that he also had transactions with the
said building loan association with reference to the note,
bond and mortgage of Grace S. Coffin; that he asked
Mrs. Coffin about the mortgage, and that she said her
mother had assumed that debt, and that she (Mrs. Coffin)
had subsequently borrowed money on the property and
that the showing was sufficient to satisfy the man who
took the mortgage; that he bought the property knowing
the mortgage was there; that witness had received a letter

from the attorney for the association, which was admitted in evidence, demanding the payment of the mortgage indebtedness and offering to assign the judgment against the estate of Mrs. Snell. Hammond further testified that Wright acted as the agent of Mrs. Hammond in making the purchase of the judgment; that the contract of purchase entered into between his wife and Grace S. Coffin was carried out according to its terms; that in the deed to his wife the consideration stated was $15,000, but that the real consideration was as stated in the contract for the deed; that he had the fictitious consideration put in, as he wanted to get a profit out of the property for his wife, and that the property was afterwards sold for the actual consideration of $10,000.

It is contended on the part of appellees that under the deed from Mrs. Coffin to Mrs. Snell the grantee did not covenant to relieve the property of the encumbrance; and further, that the payment by Florence E. Hammond, by her agent, Wright, to the building loan association, of the amount of the indebtedness secured by the mortgage on the property in question, operated as a satisfaction of the claim allowed against the estate of Henrietta Snell in favor of the building loan association.

By the terms of the deed from Mrs. Coffin to Mrs. Snell the grantee assumed all encumbrances which were then of record against the property. That was a part of the consideration for the conveyance. Where a grantee in a deed assumes an encumbrance upon the property conveyed, using the language contained in the deed from Mrs. Coffin to Mrs. Snell, the effect of the word "assumes" is the same as though the parties had instead used the expression "assumes and agrees to pay," and imposes a personal liability upon the grantee to pay the encumbrance in question. (*Schley* v. *Freyer,* 100 N. Y. 71; *Springer* v. *DeWolf,* 194 Ill. 218.) When Henrietta Snell accepted this deed from her daughter she not only became person-

ally liable to pay the encumbrance held by the building loan association as a part of the consideration of the deed, but, as between herself and her daughter, she became the principal debtor. Had Mrs. Coffin retained title to this land after the death of Mrs. Snell she would have had the right to compel the estate of her mother to pay this judgment. (*Ingram v. Ingram,* 172 Ill. 287.) The rights of Mrs. Hammond, as the grantee of Mrs. Coffin, were no less. Until the payment of the claim of the association by the estate of Mrs. Snell the association had the right to foreclose its mortgage and subject the real estate to its payment. Mrs. Hammond was not required to wait until foreclosure proceedings were instituted before paying the indebtedness. She had the right at any time to pay off the mortgage and become subrogated to the right of the association to enforce the payment of the judgment against the estate. Where one who has an interest in the property but is not primarily responsible for the payment of the mortgage debt pays the same, he is entitled to an assignment of the mortgage or to be subrogated to the rights of the mortgagee. (27 Cyc. 1386.) We perceive no reason why, instead of paying off the mortgage and relying on her right of subrogation, Mrs. Hammond might not purchase the judgment against the estate, and, as an incident to the purchase, secure the cancellation and release of the mortgage. In doing so, it is immaterial whether the assignment of the judgment is taken in her own name or the name of her agent. By this transaction the rights of the Snell estate were in nowise affected. While the association could, at its option, look either to the estate of Mrs. Snell or to the land for the payment of the indebtedness, as between the estate and Mrs. Hammond the land was not the primary fund for the payment of the mortgage. Mrs. Hammond was compelled to pay the indebtedness to prevent a threatened foreclosure, and no principle of jus-

tice required her to pay the association for the benefit of the estate of Mrs. Snell.

Appellees, relying upon the rule that when the holder of a mortgage becomes the owner of the real estate securing it, with no intervening encumbrance or lien, the encumbrance will merge in the ownership and cease to exist, contend that when Mrs. Hammond paid the amount of the indebtedness and took an assignment of the claim or judgment in the probate court to Wright for her benefit, she being then the owner of the real estate, there was a merger of interests in her and the undertakings of all the parties were extinguished. Upon this payment the mortgage did cease to exist, as the terms of the payment provided for its release. The mortgage was not assigned, but, instead, was canceled. The rule sought to be invoked is not applicable to the facts here and the authorities cited by counsel in support of this position are not in point. Mrs. Hammond, through Wright, as her agent, acquired only the judgment, which was in no sense a lien on the real estate. The doctrine of merger does not apply. Neither did the payment of the amount of the indebtedness by the owner of the property and the assignment of the judgment for her benefit operate to extinguish the judgment. The assignment of a judgment will not satisfy or extinguish it where the assignee, although liable for the debt evidenced by it, is not a party to the judgment or occupies the position of surety, only. (23 Cyc. 1475.) The only effect of the transaction was to relieve the land of the mortgage lien. The assignee was left to look to the estate alone, and the extent of the ultimate satisfaction of the judgment depends upon the solvency of the estate.

The petition was properly dismissed by the circuit court. The judgment of the Appellate Court is reversed and that of the circuit court is affirmed.

*Judgment reversed.*