## Indiana National Life Insurance Co. v. Butler

(Decided November 28, 1919.)

### Appeal from Grant Circuit Court.

1. Fraud—Pleading—Sufficiency.—Plaintiff consented for his infant son to apply to defendant for a policy of insurance, and together with his son, executed a note to defendant's agent for the first premium. The note was discounted at a bank which sued plaintiff and recovered a judgment. Claiming that the note was obtained by the fraud of the agent, plaintiff sued defendant to recover the amount of the judgment and his attorneys' fees in making defense: Held, that the first paragraph of the petition, which pleaded that plaintiff was induced to give his consent to his son's taking out the policy of insurance by the false representation of the defendant's agent as to the surrender value of the policy at the end of the eleventh year, stated no cause of action, it not being alleged that plaintiff was thereby induced to sign the premium note for which judgment was recovered against him.

2. Fraud—Damages Recoverable—Expenses of Prior Litigation.—In such a case plaintiff may recover of defendant counsel fees incurred in good faith in defending the action by the bank, if the note was obtained by the fraud of the agent.

C. C. ADAMS for appellant.

DE JARNETTE & HARRISON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

On July 17, 1916, S. W. Butler, at the instance of an agent for the Indiana National Life Insurance Company,

consented that his infant son, R. S. Butler, might apply for insurance to the amount of $2,500.00, payable in the event of his death to his mother, Susan Simpson Butler. The annual premium was $108.98, for which S. W. Butler and his son executed their note payable to themselves, which they then endorsed and delivered to the agent. The agent discounted the note at the Grant County Deposit Bank. S. W. Butler having refused to pay it, the bank brought suit. After three trials the bank recovered a judgment for the principal, interest and costs, then amounting to $244.00. Butler also paid his attorneys a fee of $50.00.

This suit was brought by S. W. Butler against the Indiana National Life Insurance Company to recover the amount paid by him. It was charged in the first paragraph of the petition that defendant's agent fraudulently represented that the surrender value of the policy would be $2,772.00 at the end of eleven years, that when the policy was delivered it was ascertained that this representation was false and that the policy was returned to the defendant; that had it not been for the false representations of the defendant's agent he would not have given his consent for his son to enter into the contract, and that he gave his consent to his son's taking out the insurance in the belief that the representations were true. In the second paragraph, plaintiff pleaded in substance that he was induced to sign the note sued on by the fraudulent representation that his son was merely signing his name to an application for insurance. The case was submitted to the jury under both issues and the jury returned a verdict in favor of plaintiff for $294.00. The defendant prays an appeal.

Defendant's demurrer to the first paragraph of the petition should have been sustained. Even if it be conceded that the agent misrepresented the surrender value of the policy at the end of the eleventh year, and plaintiff was thereby induced to give his consent to his son's taking out the insurance, plaintiff was not injured unless he was thereby induced to execute the note. Hence, in order that the first paragraph might state a cause of action it was necessary for plaintiff to allege that he was induced by the fraudulent representations of the agent as to the surrender value of the policy to execute the premium note. This he failed to do, and could not have done con-

sistently with the second paragraph of his petition, for the gist of the defense in the latter paragraph is that he signed the note in reliance upon the false statement of the agent that it was something else. Manifestly, if that be true, he could not have been induced to sign it by any misrepresentation as to the surrender value of the policy. For the same reason, it was error to instruct the jury that if the facts relied on in the first paragraph of the petition were true, they should find for plaintiff.

Another contention of defendant is that the court erred in authorizing the jury to find as an element of damages the attorneys' fees expended by plaintiff in defense of the suit brought by the bank. In Hutchinson First Nat. Bank v. Williams, 62 Kan. 431, 63 Pac. 744, it was held that attorneys' fees and expenses incurred in good faith by a bank in saving itself from loss by the fraud of a party who obtained from it a draft, and then caused the same to be cashed, are compensatory and not exemplary, and may be recovered in an action against the wrongdoer. Indeed, the prevailing rule seems to be that the reasonable expenses of prior litigation caused by the wrongful act of another, including compensation for attorneys' fees, may be recovered where the party incurring them acted in good faith in bringing his action or making defense. 17 C. J. 809; Peoples B. L. & S. Ass'n v. Pickell, 56 S. W. 500.

On the other hand, if the prior litigation was unnecessary, there can be no recovery for expenses therein. On another trial the court will incorporate in the instruction on the measure of damages the question whether plaintiff acted in good faith in employing counsel to defend the suit brought against him by the bank.

Other errors are relied on, but we do not deem them of sufficient importance to merit discussion.

Wherefore the appeal is granted and the judgment reversed and cause remanded for new trial consistent with this opinion.