## ALLEN v. GENERAL INS. CO. OF AMERICA.

### No. 1393.

District Court, D. Idaho, S. D.

July 24, 1930.

W. D. Gillis, of Boise, Idaho, and John W. Graham, of Twin Falls, Idaho, for plaintiff.

Bothwell & Chapman, of Twin Falls, Idaho, for defendant.

CAVANAH, District Judge.

Judgment in the sum of $10,193.44 in favor of plaintiff was on the 14th day of July, 1930, entered against the defendant in this case, who now moves that plaintiff be required to accept the sum of $11,037.40 as payment in full of principal, interest, and costs required to be paid under the judgment,

and for an assignment of the mortgage held by plaintiff upon the property of the mortgagor in subrogation of the rights of plaintiff as mortgagee. Plaintiff objects to the relief being granted under the motion, upon the ground that no tender or payment has been made by defendant of the full amount required to be paid to entitle defendant to any of the securities held by plaintiff, as defendant only tendered $11,037.40 instead of $11,098.32, which was refused by plaintiff upon the ground that she contends that the further sum of $3,148.74 as an attorney's fee should be paid by defendant to her by reason of an expense incurred by her in prosecuting her case against the defendant upon the fire insurance policy. On July 22, 1929, counsel for plaintiff, under section 6576, Idaho Compiled Statutes, filed their petition for an order declaring that they have an attorney's lien upon the judgment and the proceeds thereof, and an order was thereafter entered by the court entitling plaintiff's attorneys to a lien upon the judgment in the sum of $3,148.74, being the amount of a contingent fee agreed upon by the plaintiff and her said attorneys. At the conclusion of the argument, the court announced that defendant was entitled, under the provisions of the insurance policy, to be subrogated under the mortgage to the extent of the amount paid by it on the judgment, and subject to the balance remaining unpaid to plaintiff under the mortgage, and, when the full amount of the mortgage was paid, the defendant shall be subrogated to the balance, if any, under the mortgage, or any other securities held by plaintiff, leaving to be decided the sole question as to whether plaintiff is entitled to payment from defendant of the attorney's fee referred to.

The argument is made by plaintiff that, while there does not appear to be any statute or provision in the policy allowing plaintiff such attorney's fee, yet a court of equity should allow her an attorney's fee as part of the expense and damage she has suffered by reason of defendant's contesting the case. There is no statute, or provision in the policy, authorizing the court to enter judgment against the defendant for such attorney's fee, and, before the same can be allowed, it will have to be upon the theory advanced by plaintiff. As a general rule, where there is no fraud, willful negligence, or malice, no recovery as damage for costs and expense of litigation or expenditures for counsel fees is allowable. 17 C. J. 807. The Supreme Court of Idaho recognizes this to be

the correct rule, where it is said (syllabus): "Attorney's fees cannot be recovered in an action unless authorized by statute or by express agreement of the parties, except in extreme cases where there is willful wrong, gross negligence, or fraud." Jenkins v. Commercial Nat'l Bank of St. Anthony, 19 Idaho, 290, 113 P. 463. There is nothing in the record of the litigation between the parties showing any fraud, willful wrong, negligence, or malice upon the part of the defendant or its surety. The litigation was an ordinary one, where the defendant defended against a claim of plaintiff, and pursued a course of procedure generally allowed to litigants. Although it turned out that it was unsuccessful in its defense, yet the law gave to it the right to contest the case. The authorities cited by plaintiff do not apply to the facts as disclosed by this record. The application of plaintiff's attorneys for the order granting to them a lien upon the judgment and the proceeds thereof is not binding upon the defendant so far as making it liable for the payment of the additional amount of attorney's fee, for the only purpose of such application is to protect the attorneys for plaintiff in the payment to them of their fees in the event plaintiff recover, as the statute gives to them a lien upon the principal amount recovered and requires defendant to see that they are paid such amount.

However, as it appears from the record that defendant did not, prior to the time of filing of the present motion, make legal tender of the full amount due under the judgment, and has required plaintiff to appear and defend against the motion, which has caused the incurring by her of additional expense in the way of costs and attorney's fees, it would seem that a court of equity should require of the defendant to pay a reasonable amount as attorney's fees incurred in defending on the motion. Had the defendant made tender of the full amount due under the judgment to plaintiff before filing its motion for subrogation, and an acceptance of the same was refused by plaintiff, then the plaintiff would not be entitled to any costs or attorney's fees in defending on the motion, but, as that was not done by the defendant, the plaintiff is entitled to a reasonable attorney's fee and costs incurred on the motion from the proceeds of the insurance before applying such proceeds on the mortgage debt. Therefore in the order of subrogation the sum of $200 is allowed the plaintiff as such attorney's fees and costs incurred on the motion. New Hampshire Fire Ins. Co.

of Massachusetts et al. v. National Life Ins. Co. of Montpelier (C. C. A.) 112 F. 199, 57 L. R. A. 692; Home Insurance Co. v. Boatner (Tex. Civ. App.) 218 S. W. 1097.