Elizabeth R. Fondiller, Plaintiff, *v.* Richard Fondiller, Defendant.[*]

City Court of the City of New York, Special Term, New York County, May 26, 1945.

*Robert Cooper* for plaintiff.

*Albert Hirst* for defendant.

McCullen, J. Plaintiff seeks summary judgment striking out defendant's answer insofar as it applies to the first cause of action and directing judgment for $1,475, or in the alternative, directing an assessment of damages due plaintiff under the first cause and severing the action pursuant to rules 113 and 114 of the Rules of Civil Practice.

Plaintiff's first cause is based upon defendant's breach of the agreement or stipulation, dated June 14, 1940, in that he secured a Nevada divorce in violation thereof and thus necessitated the securing by the wife of legal advice to protect her interests. This cause of action is essentially for damages for breach of contract (and plaintiff's counsel stresses this fact in his briefs) and is to be distinguished from the second cause, which seeks recovery for the legal expenses as necessaries.

In Clark on New York Law of Damages, it is stated (Vol. 1, § 145) : " The legal expenses necessarily incurred by the plaintiff beyond the taxable costs in seeking legal redress for the wrong, while a loss in a sense resulting from the wrongful act of the defendant, are not recoverable as general or special damages." (See, also, *Avalon Construction Corp.* v. *Kirch Holding Co.*, 256 N. Y. 137, 145; 1 Sedgwick on Damages [9th ed.], § 229 *et seq.*) Similarly, expenses incurred in a prior action *between the parties* are not recoverable in a subsequent suit even though the first cause of action was made necessary by defendant's wrongful act. (*Marvin* v. *Prentice*, 94 N. Y. 295, 302; 1 Clark on

[*] See *Fondiller* v. *Fondiller*, 179 Misc. 800, 179 Misc. 1086, affd. 266 App. Div. 1000, and 182 Misc. 628.— [Rep.

New York Law of Damages, § 147.) The plaintiff's remedy for recovering her legal expenses would seem to be confined to the theory of necessaries supplied.

Plaintiff's motion for summary judgment is denied and defendant's request for an order dismissing the first cause of action is granted.