## SCHWANER v. GEORGE.
### No. 574.

Municipal Court of Appeals for the District of Columbia.

Dec. 22, 1947.

162

I. H. Halpern, of Washington, D. C., for appellant.

Joseph H. Schneider, of Washington, D. C. (Ben Lindas, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Viola George sued Chas. Garner for possession of certain dwelling property and thereafter obtained leave of court to amend the name of the defendant to read "Frank Schwaner." Mary Schwaner moved to intervene in the cause and her motion was granted. Thereupon the intervenor moved to quash service on defendant and this motion was granted. Other motions were made by the intervenor but before action was taken on them plaintiff, with approval of the court, took a voluntary nonsuit. Upon entry of nonsuit judgment was ordered for the defendant for recovery of his costs. Thereafter the intervenor moved that judgment be entered in her favor. That motion was denied, and this appeal is by the intervenor from the order denying entry of judgment in her favor.

■ The action of the trial court in permitting plaintiff to take a voluntary nonsuit is assigned as error. Civil Rule 37 of the Municipal Court, based upon Federal Rules of Civil Procedure, rule 41, 28 U.S. C.A. following section 723c, permits plaintiff to take a voluntary dismissal by filing notice at any time before service of answer, or by filing a stipulation signed by all parties who have appeared generally in the action; and provides that otherwise an action shall not be dismissed at plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. However, Rule 10 of the Landlord and Tenant Branch, which makes applicable to that branch of the court certain of the general civil rules, does not include Civil Rule No. 37. Therefore, in the absence of a rule, we are governed by the general practice existing in this jurisdiction prior to the adoption of the Federal Rules of Civil Procedure and the Municipal Court rules patterned thereafter. Under that practice, it was recognized that a plaintiff had a right to dismiss his action at any time prior to verdict.[1] Accordingly the contention that there was error in permitting plaintiff to take a nonsuit is without merit. Furthermore, even if Rule 37 were applicable to landlord and tenant proceedings, the record plainly discloses that the nonsuit was taken with permission of the court.

■ It is also contended that the trial court was in error in refusing to grant the intervenor "a judgment with her costs." As there was a voluntary dismissal of the action prior to trial, no issue in the case was adjudicated[2] and the intervenor was not entitled to a judgment on the merits. Whether the intervenor was entitled to a judgment for her costs presents another question. Landlord and Tenant Rule 6 provides that in proceedings in that branch of the court the judge "shall exercise his discretion in the award of costs, whether to the prevailing party or otherwise." If this is a valid rule, then we must hold that the denial of judgment for costs to the intervenor was within the discretion of the trial court and not reviewable by us. However, the statute giving jurisdiction to the Municipal Court in summary proceedings between landlord and tenant provides: "If upon the trial it appears that the plaintiff is entitled to the possession of the premises, judgment and execution for the possession shall be awarded in his favor, with costs; if the plaintiff becomes nonsuit or fails to prove his right to the possession, the defendant shall have judgment and execution for his costs." Code 1940, § 11—737.

---

[1] American Electrotype Co. v. Kerschbaum, 70 App.D.C. 241, 105 F.2d 764; Adams v. Davis, D.C.Mun.App., 47 A. 2d 792.

[2] Crowder v. Lackey, D.C.Mun.App., 46 A.2d 699.

■■ It appears to be plain from this section of the statute that when a plaintiff in a landlord and tenant action obtains judgment for possession, it is mandatory that he recover his costs; and likewise it appears plain that if the landlord takes a nonsuit or fails to prove his right to possession it is mandatory that the defendant be given judgment for his costs. There is an obvious conflict between the rule of court and the statute relating to the same matter, and, of course, the statute must prevail.[3]

■ Although the intervenor was not specifically allowed to intervene as a defendant, it is obvious that she intervened for the purpose of contesting plaintiff's right to possession and must be classified as a defendant. We therefore hold that when plaintiff took a voluntary nonsuit, by reason of the statute the intervenor was entitled as a matter of law to judgment for her costs.

■ The intervenor contends that there should be included in her judgment for costs the cost of a stenographic transcript. We find nothing in the rules of the trial court making cost of a transcript a part of the court costs.[4] However, as we have formerly said, the question of the taxing of costs in the trial court is a matter for the trial court,[5] and until that court has passed specifically on the question there is nothing for us to review.

The case is remanded to the trial court with instructions to enter judgment for the intervenor for her costs as taxed by the trial court.

Reversed.

---

[3] Rule 11 of the Small Claims branch of the trial court provides that award of costs is in the discretion of the judge, but this is pursuant to the statute creating that branch. Code 1940, § 11—807. The trial court generally is given power to prescribe by rules, the forms of process, writs, pleadings and motions, and practice and procedure, but the act giving such power also provides: "Said rules shall not abridge, enlarge, or modify the substantive rights of any litigant." Code 1940 Supp. V, § 11—756 (b). Statutory costs are a matter of right. Cf. Municipal Court Civil Rule 49 (c).

[4] See Municipal Court Civil Rule 68. Cf. Federal Rules of Civil Procedure, rule 80.

[5] Klein v. Liss, D.C.Mun.App., 43 A.2d 757.