## MURPHY v. O'DONNELL et al.

### No. 691.

Municipal Court of Appeals for the District of Columbia.

Dec. 27, 1948.

Jesse Lee Hall, of Washington, D. C., for appellant.

John L. Laskey, of Washington, D. C., for appellee Francis T. O'Donnell.

Wilbert McInerney and Jerrold B. Ullman, both of Washington, D. C., for Mildred C. Hilbert.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

On March 24, 1947, Mrs. Hilbert, hereinafter referred to as the seller, individually and as guardian for three minors, entered into a contract for the sale of dwelling property to Mr. O'Donnell, hereinafter referred to as the purchaser. Because of the minors' interests the contract required approval by the United States District Court for the District of Columbia and such approval was obtained July 21, 1947. Settlement of the contract was fixed for July 31 and was completed August 5. The contract provided that possession of the property would be given the purchaser at time of settlement, but the seller remained in possession after that time. The purchaser brought suit against the seller for possession in the Landlord and Tenant Branch of the trial court and was awarded judgment for possession on August 26, with a stay of execution until September 9, at which time he obtained possession.

Thereafter the purchaser brought the present action against the seller for damages for the delay in obtaining possession. The seller brought into the case as a third-party defendant Mr. Murphy, the broker who negotiated the sale, hereinafter referred to as the broker, alleging that due to his misrepresentations she was prevented from delivering possession in accordance with the contract and asking judgment

against him for all sums that might be adjudged against her in favor of the purchaser.

Trial was had before the court without a jury and resulted in a judgment for the purchaser against the seller for $318.05, made up of the following items: cost of other quarters from date of settlement to date possession was obtained $206.85; storage of furniture during said period $10.20; costs in landlord and tenant proceedings $1, and attorney's fee paid in the landlord and tenant proceedings $100. A judgment for a like amount was awarded the seller against the broker. The broker has appealed.

Third-party practice in the trial court is regulated by its Rule 14, based on Federal Rules Civil Procedure, rule 14, 28 U.S.C.A., as originally promulgated. The broker, as third-party defendant, had the right to and did assert numerous defenses to the purchaser's claim against the seller, and he repeats them here. In the first place, he asserts that the sole measure of damages for the purchaser's claim was the reasonable rental value of the property for the period from final settlement until possession was obtained, it being stipulated at trial that the fair rental value of the property was $100 per month. For this proposition he relies on Peoples Mortg. Corporation v. Bedrosian, 81 U.S.App.D.C. 69, 154 F.2d 332; Costinett v. Plaza Hotel Co., 41 App.D.C. 80, and Lalekos v. Manset, D.C. Mun.App., 47 A.2d 617. We do not think those cases are applicable here. They dealt with failure of a lessor to give a lessee possession of leased premises. The present case is one of a seller who, complying with all other provisions of the contract of sale, fails to give possession within the agreed time. We think the rule applicable was

stated in the recent case of Thompson v. Rector, D.C. Cir., 170 F.2d 167, where it was said: "Under a breach of contract, whether of warranty or otherwise, a defendant is liable for such damages as are the natural consequence and proximate result of his conduct."

In the instant case the seller knew the purchaser was buying the property as living quarters for himself and his family, and delay in delivering possession naturally and proximately required the purchaser to secure other accommodations for himself and family and to provide storage for his furniture during the period of delay. No question is raised as to the reasonableness of the amount paid for such accommodations and storage and we think they were proper items of damages.

However, we do not think the attorney's fee incurred in prosecuting the landlord and tenant proceeding was a proper item of damage. The general rule is that unless authorized by statute or contract attorney's fees cannot be recovered either in the suit in which such fees are incurred or in a subsequent suit between the parties.[1] Although there are authorities to the effect that where the natural consequence of one's wrongful act is to involve another in litigation with a third party, the wronged party may recover from the wrongdoer the expenses of such litigation, including counsel fees,[2] the rule has no application where the litigation is between the same parties.[3] It has been held that attorney's fees may be allowed where defendant's conduct was willfully and oppressively fraudulent,[4] but clearly this is not such a case.

Neither do we think the $1 court costs in the landlord and tenant proceeding was a proper item of damages. The judg-

[1] Ballard v. Spruill, 64 App.D.C. 60, 74 F.2d 464; Oelrichs v. Spain, 15 Wall. 211, 21 L.Ed. 43; Ritter v. Ritter, 381 Ill. 549, 46 N.E.2d 41; Fondiller v. Fondiller, 184 Misc. 1021, 55 N.Y.S.2d 613.

[2] Edwards v. Beard, 211 Ala. 251, 100 So. 101; Treat v. Nowell, 37 Ariz. 290, 294 P. 273; First Nat. Bank of Hutchinson v. Williams, 62 Kans. 431, 63 P. 744; Indiana Nat. Life Ins. Co. v. Butler, 186 Ky. 81, 215 S.W. 949.

[3] Choukas v. Severyns, 3 Wash.2d 71, 99 P.2d 942, opinion adhered to, 103 P.2d 1106; Hertzel v. Weber, 118 Okl. 82, 246 P. 839; Weinhagen v. Hayes, 179 Wis. 62, 190 N.W. 1002; McGaw v. Acker, Merrall & Condit Co., 111 Md. 153, 73 A. 731, 134 Am.St.Rep. 592.

[4] Schlein v. Smith, 82 U.S.App.D.C. 42, 160 F.2d 22. Cf. Allen v. General Ins. Co. of America, D. C., Idaho, 42 F.2d 901.

ment for possession in that proceeding automatically carried with it judgment for costs.[5] The purchaser having already obtained judgment for this item against the seller was not entitled to have it included in the judgment in the subsequent suit.

The contract contained the following provision: "Seller agrees to give possession at time of settlement, and in the event he shall fail so to do he shall become and be thereafter a tenant by sufferance of the purchaser and hereby waives all notice to quit, as provided by the laws of the District of Columbia." From this it is argued that the parties by their contract fixed their relation in case of failure of seller to give possession and also fixed the damages, namely, the reasonable rental value during the delay. We cannot agree. This provision gave the purchaser the right to sue for possession in landlord and tenant proceedings but it did not undertake to fix the measure of damages caused by such delay.[6]

The broker's next contention is that the evidence disclosed no liability on his part to the seller. The evidence showed that when the broker's services were first engaged the seller informed him that if she sold she would have to have another place of a certain type and in a certain neighborhood in which to live, and a notation to that effect was made on the listing card; that after the contract was signed the broker showed seller certain available—but to her undesirable—accommodations; and when time for settlement came the broker informed seller he had an apartment available for her and on the strength of that representation she signed the deed and settlement papers but later found the apartment was not available. The broker argues that any representation made by him at time of settlement was of no legal effect as the seller was already legally bound to settle and give possession at settlement. However, we think that a broker, owing a high duty of fidelity to the seller, who persuades the seller to settle on a false representation, cannot avoid responsibility by

asserting that his misrepresentation caused the seller to do no more than she was legally bound to do by her contract with a third party. Had the seller known that the apartment was not available she might have secured an extension from the buyer. At least she could have tried. She might even have refused to complete the transaction. The broker had no right to insist that the parties strictly comply with their contract. His interest was in his commission and it is evident that he wanted quick settlement in order to get quick payment. If, as the trial court found, he made false representations to his principal who acted on them to her detriment, he is liable for the damages which resulted.

The next point contended for by the broker is that he secured suitable quarters for the seller and that she arbitrarily refused to accept them. This was a question of fact which the trial court answered adversely to the broker.

The final contention raises the point that during the time the seller remained in the property after settlement date she enjoyed the use of the property without payment therefor and that to allow her to recover from the broker all damages recovered against her by the purchaser will result in unjust enrichment to her, for she will have suffered no loss and will have gained more than a month's free rent. We think this contention is sound. The seller is not entitled to be put in a better position by reason of the false representation of the broker than she would have been had his representation been true.[7] The reasonable rental value of the property was $100 per month or $116.66 for the 35-day period she occupied it without charge. This sum must be deducted from the judgment against the broker.

Judgment against the broker must be modified. The question arises whether, because certain erroneous items of damages in the judgment against the broker were also in the judgment against the seller,

[5] Schwaner v. George, D.C.Mun.App., 56 A.2d 161.

[6] Cf. Metzler v. Iacone, D.C.Mun.App., 55 A.2d 81.

[7] Cf. Clarke v. Cleckley, D.C.Mun.App., 55 A.2d 287.

must the latter judgment also be modified. The seller noted no appeal from the judgment against her and in her brief here urges only that her judgment against the broker be affirmed. While the broker's appeal necessarily involves the judgment against the seller because it was the basis of the judgment against the broker as third-party defendant, nevertheless the broker's interest is only in the judgment against him. The purchaser sought no judgment against the broker and obtained none. The broker could not appeal from the judgment against the seller. Therefore, on appeal from the judgment of the seller against the broker we have no authority to review the judgment of the purchaser against the seller from which no appeal was taken.[8]

The judgment against the broker will be modified by eliminating therefrom the items of $100 attorney's fees, and $1 costs, and by reducing the balance by the sum of $116.66, the amount of the rental value of the property. The judgment thus reduced to the sum of $100.39 will be affirmed.

Judgment in favor of defendant against third-party defendant modified and affirmed.

---

[8] Where the third-party defendant's liability is wholly predicated on defendant's liability to plaintiff, reversal of the judgment against the defendant necessarily requires reversal of the judgment over against the third-party defendant. Tejas Development Co. v. McGough Bros., 5 Cir., 165 F.2d 276, 167 F.2d 268. But we find no authority holding that reversal or modification of judgment against a third-party defendant requires the same action with respect to the judgment against the defendant where no appeal was taken from the latter judgment. It is a general rule that an appellate court has no power to review a judgment from which no party has appealed, Gibson v. Industrial Bank of Washington, D.C.Mun. App., 36 A.2d 62, and the rule governing third-party practice relates to procedure and does not affect substantive rights. Brown v. Cranston, 2 Cir., 132 F 2d 631, 148 A.L.R. 1178, certiorari denied Cranston v. Thompson, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698.