Isidor BREM and David Klein, Appellants,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant,

v.

Isidor BREM and David Klein, Appellees.

Nos. 3585, 3586.

District of Columbia Court of Appeals.

Argued Nov. 16, 1964.

Decided Jan. 14, 1965.

Rehearing Denied Feb. 4, 1965.

Nathan L. Silberberg, Washington, D. C., for Isidor Brem and David Klein.

Albert F. Beasley, Washington, D. C., for United States Fidelity & Guaranty Co.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Brem and Klein, insurance brokers, sued William Stempil and his wife in a Virginia county court for insurance premiums advanced by them for the credit of the Stempils and obtained a judgment for $266.57 on January 27, 1954. In order to stay execution upon this judgment pending their appeal to a circuit court in Virginia, the Stempils executed a supersedeas bond on which the United States Fidelity and Guaranty Company was surety. On September 21, 1954, the Virginia circuit court affirmed the judgment in favor of Brem and Klein, whose attorney of record was Joseph P. Smyth. When the Stempils failed to satisfy the judgment, the surety company, upon demand by attorney Smyth, paid the amount of the judgment to Brem and Klein, taking in return an assignment of the judgment on February 17, 1955, executed by attorney Smyth on behalf of his clients and duly noted by him on the circuit court judgment lien docket. Shortly thereafter, in April 1955, the Stempils reimbursed the surety for the amount paid to Brem and Klein.

As of March 16, 1961, satisfaction of the judgment as a result of the payment had not been recorded on the circuit court judgment lien docket. On that date the Stempils filed an action in the United States District Court for the District of Columbia against the surety alleging that they had been defamed by its failure to note satisfaction of the judgment against them. A settlement of that action resulted in its dismissal with prejudice. Thereafter, the surety through its counsel contacted attorney Smyth and, upon the assumption by both attorneys that the Virginia statute forbade entry of the satisfaction of the Virginia judgment by any party except the original judgment creditor, Smyth accepted a reassignment of the judgment against the Stempils from the surety back to Brem and Klein, but without their knowledge. On March 27, 1961, notation was made on the Virginia court records that the judgment had been reassigned. The next day Smyth noted on the judgment lien docket that the judgment had been fully

satisfied—this, too, without the knowledge of Brem and Klein.

In April 1961 the Stempils filed a second suit in the Federal District Court here, this time against Brem and Klein, alleging that they had defamed them by causing entry to be made on an official court record in Virginia that their judgment against the Stempils had not been paid and satisfied until March 1961 when in fact such judgment had been paid by the Stempils in 1955. Brem and Klein forwarded the suit papers to the surety company and asked it to take over their defense since they had originally assigned the judgment to the surety. This request was refused. Brem and Klein, through their own counsel, ultimately secured summary judgment in their favor in the Federal District Court, which was affirmed by the United States Court of Appeals for the District of Columbia Circuit. The expenses incurred by Brem and Klein in defending this suit and appeal allegedly amounted to $2,052.60, which they sought to obtain from the surety company in the present proceedings. The surety company counterclaimed for contribution by Brem and Klein for one-half of the amount paid by it to the Stempils in settling their suit against the surety.

The trial judge found that Brem and Klein had failed to show a duty on the part of the surety to undertake the defense of the suit filed by the Stempils against them in the Federal District Court. It also held that once the Stempils had reimbursed the surety company for its payment of the judgment, prompt action by the surety could have cleared the judgment from the court records in Virginia, and thus avoided the subsequent suits. For this reason the trial judge held that the surety company was not entitled to contribution for its compromise settlement of the first suit by the Stempils against it.

Brem and Klein assert as errors, *inter alia*, the trial court's findings that they had failed to show a duty on the surety's part to undertake their defense in the Stempils'

second suit in view of the subsequent finding that once they had been paid by the Stempils prompt action by the surety could have cleared the judgment lien record. They also charge it was error to ignore the undisputed testimony that they had had no knowledge of the reassignment of the judgment to them until they were served in the suit against them by the Stempils. They further contend it was error to fail to determine whether reassignment of a Virginia judgment to the original judgment creditor was a proper procedure in that state.

The general rule that, absent contractual or statutory liability therefor, attorney fees and expenses incurred by a plaintiff in the litigation of a claim against a defendant are not recoverable as damages,[1] is subject to various exceptions. Where the plaintiff seeks in a separate action to recover attorney fees incurred by him in earlier litigation with a third person arising out of the tortious act of the defendant, it has been held that if the natural and proximate consequences of the defendant's tortious act were to involve the plaintiff in litigation with a third person, reasonable compensation for attorney's fees incurred by the plaintiff may be recovered as damages against the author of the tortious act.[2]

Virginia has not expressly adopted or rejected the "wrongful involvement in litigation by tort" exception. Virginia decisions have adopted the rule, however, that "where a breach of contract has forced the plaintiff to maintain or defend a suit against a third person, he may recover the counsel fees incurred by him in the former suit provided they are reasonable in amount and reasonably incurred." Hiss v. Friedberg,

201 Va. 572, 577, 112 S.E.2d 871, 876 (1960). We have found no Virginia cases where it has been indicated that, in an appropriate case, the Virginia courts would not extend the rule to include wrongful involvement in litigation with a third party when caused by a tort.

■ In the case at bar, Brem and Klein had a right not to be wrongfully involved in litigation with third persons and the surety had a correlative duty not to act in such manner as to involve them in such litigation. If an act or omission of the surety, even though an honest mistake, created a situation which resulted in the involvement of Brem and Klein in further litigation with the Stempils, the surety breached a duty owed Brem and Klein, who who were forced to defend themselves from an action for damages filed by the Stempils and thereby incur the expense of counsel fees and other costs.

■ United States Fidelity and Guaranty Company, as surety on the supersedeas bond filed by the Stempils, was entitled as of right to an assignment of that judgment upon payment to Brem and Klein and was subrogated to the rights and remedies of Brem and Klein upon receipt of such assignment.[3] The Virginia law, 8 Virginia Code § 383, provides that whenever a docketed judgment has been paid or satisfied and such payment or satisfaction does not appear by return of any execution to the Clerk of the court, it is then the duty of the judgment creditor, his agent or attorney, to cause such payment or satisfaction to be entered on the judgment lien docket within ninety days after the same

1. Rosden v. Leuthold, 107 U.S.App.D.C. 89, 90, 274 F.2d 747, 748 (1960); Murphy v. O'Donnell, D.C.Mun.App., 63 A.2d 340 (1948); 15 Am.Jur. Damages § 142.

2. Murphy v. O'Donnell, D.C.Mun.App., supra, note 1, 63 A.2d at page 342; Restatement, Torts § 914; 45 A.L.R.2d 1186; 15 Am.Jur. Damages § 144.

3. See, Thomas v. Home Mut. Bldg. Loan Ass'n, 243 Ill. 550, 90 N.E. 1081 (1910),

where it is said: "The assignment of a judgment will not satisfy or extinguish it where the assignee, although liable for the debt evidenced by it, is not a party to the judgment or occupies the position of surety only." See also, Nelson v. Webster, 72 Neb. 332, 100 N.W. 411, 68 A.L.R. 513 (1904) and 2 Freeman, Judgments § 1131 (5th Ed.).

is made. The surety argues that since the instrument of assignment contained no power of attorney and created no agency empowering it to note satisfaction of the judgment on the court docket, it could not validly note satisfaction of the judgment by virtue of the Virginia Code. No Virginia decision or specific section of the Virginia Code has been called to our attention to sustain this position and we believe it was an incorrect conclusion drawn by counsel for the surety after consultation with attorney Smyth. 8 Virginia Code § 379 provides that when a judgment is assigned and such assignment has been noted on the judgment lien docket, further executions to satisfy the judgment shall be issued in the name of the assignee. This would seem to rebut the argument that reassignment of the judgment to the original judgment creditor is a prerequisite to entry of satisfaction of the judgment on the docket. We hold that United States Fidelity and Guaranty Company, as assignee, stood in the place of Brem and Klein, first judgment creditors, and occupied no better or worse position than they, absent such assignment.[4] The surety took the assigned right, together with all the burdens to which it was subject in the hands of Brem and Klein. It was, therefore, required to enter satisfaction of the judgment within ninety days after the Stempils had reimbursed it.

■■■ Not until after the first suit was filed by the Stempils against the surety did it take any steps to have the judgment entered on the court docket as paid and satisfied. Even then, this was accomplished by a circuitous procedure involving the unnecessary reassignment by the Virginia attorney of the judgment back to Brem and Klein as original judgment creditors.[5] We are convinced that the acts of the surety, through its attorney, in failing to enter satisfaction of the Virginia judgment within the time limitation set by the Virginia Code and in adopting the outlined mode of noting satisfaction without the knowledge or consent of Brem and Klein were the proximate causes of the latter's involvement in the subsequent litigation with the Stempils. As the trial judge indicated in his findings, "once [the surety] had been paid by the Stempils prompt action could have cleared the judgment from the * * * Court records, thus avoiding any of the actions which arose thereafter."

Accordingly, we rule that Brem and Klein established a cause of action against the surety and are entitled to a judgment in their favor for the reasonable amount of attorney's fees and of expenses directly concerned with their defense of the Stempil suit.

As the record does not contain competent evidence to sustain the amount claimed as damages, there being only meager testimony on that point by Klein as to the total amount paid by the firm, it will be necessary to remand the case for presentation of

4. "The proposition that [an assignee of a judgment] has no greater right than [the] assignor is too axiomatic to require either argument or the citation of authorities." Innis v. Heft, 217 Mich. 39, 185 N.W. 767, 769 (1921). See also, Lilly v. Verser, 133 Ark. 547, 203 S.W. 31, 32 (1918); Ricaud v. Alderman & Flanner, 132 N.C. 62, 43 S.E. 543, 544 (1903), and 2 Freeman, Judgments § 1055 (5th Ed.).

5. Brem and Klein also challenged the authority of Smyth to act for them in the reassignment without their knowledge or consent. Employment of an attorney to pursue a particular cause of action creates an agency for that specific purpose which is terminated upon completion of the transaction. Smyth was not general attorney for Brem and Klein nor was he retained on an annual basis. When the judgment was entered against the Stempils, affirmed upon appeal, and then paid by the surety, Smyth's services came to an end, and he had no continuing authority to take further action without their approval. Smyth testified he was not actually acting for Brem and Klein in noting satisfaction of the judgment on the docket, but was doing a favor for a fellow attorney, counsel for the surety.

Counsel for the surety on this appeal is not the same attorney who acted for the surety in contacting attorney Smyth in Virginia.

proper proof and a determination of the actual expenditures for reasonable attorney's fees and other necessary costs directly arising out of Brem and Klein's involvement in the Stempil litigation or for settlement thereof by the parties.

■ We have also considered the cross-appeal of the surety for contribution toward

settlement of the suit against it by the Stempils and are satisfied that the trial judge correctly determined its claim was without merit under the circumstances.

Judgment in No. 3585 reversed and remanded for further proceedings in accordance with this opinion.

Judgment in No. 3586 affirmed.